## Briggs, Appellant, v. East Broad Top Railroad & Coal Company.

*Negligence—Railroads—Broken rail—Rotten ties—Evidence.*

In an action against a railroad company to recover damages for the death of one of its conductors, caused by a broken rail, the court commits no error in refusing to submit the case to the jury, where the plaintiff's theory that the break was caused by a rotten tie, is not supported by any definite testimony that the ties were rotten at the place of the break.

In such a case it is not error for the court to refuse to permit the plaintiff to show that the defendant company had allowed its roadbed and its rails to fall into bad repair generally, and at places other than that of the accident.   O'Donnell v. Allegheny Valley R. R. Co., 59 Pa. 239, distinguished.

*Evidence—Res gesta—Declarations—Negligence—Railroads.*

In an action against a railroad company to recover damages for the death of one of its conductors caused by a broken rail, it is not error for the court to exclude proof offered by the plaintiff of declarations made about half an hour after the accident by the division foreman.

Argued April 20, 1903.  Appeal, No. 269, Jan. T., 1902, by plaintiff from judgment of C. P. Huntingdon Co., Feb. Term, 1901, No. 1, on verdict for defendant in case of Sarah E. Briggs v. East Broad Top Railroad and Coal Company.  Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.  Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before BAILEY, P. J.

At the trial it appeared that on March 5, 1900, plaintiff's husband, George W. Briggs, a conductor employed by defendant, was killed by the derailment of a passenger train.  The accident was caused by the breaking of a rail.  Plaintiff claimed that the break was due to rotten ties.  The evidence on this subject is summarized in the opinion of the Supreme Court.

Plaintiff made the following offer:

We propose to prove by the witness on the stand and other witnesses that the roadbed of the East Broad Top Railroad Company, almost its entire length from Orbisonia to Woodvale, was in bad condition, and had been allowed to get into bad condition ; that the ties along the road at the vicinity of this accident and along its line in other places near this accident, and farther away, were rotten ; that the rails in places were so insecurely fastened upon the track that a man could go along and pull a spike fastening the rail to the tie with his fingers ; for the purpose of proving the defendant company had allowed their roadbed and all their rails to fall into bad repair ; for the purpose of proving negligence of this company.

Judge Furst: Defendant's counsel object to the offer in so far as the offer proposes to prove the condition of the road at any other point than the point where the accident occurred, the evidence and proof already offered showing that the accident occurred by means of the breaking of a rail, therefore any defects that might have existed on other parts of the road could not have contributed to this injury ; no objection is made to proof showing the defective condition of the road at the time of this accident, or immediately prior thereto at the point where the injury occurred ; the residue of the offer is objected to as irrelevant and immaterial to this issue.

The Court: Objection sustained.  Testimony excluded. Bill of exceptions sealed for plaintiff. [3]

Mr. J. S. Woods : We offer to prove by the witness on the stand and other witnesses that the morning of the accident, while the body of Mr. Briggs was still there at the place of the accident, that Mr. Harry Taylor, the division foreman, said to the witness, " You men must not blame me for this thing ; it is not my fault; they would not give me any stuff to fix the road ; " he said he had asked for rails and didn't get them ; this was within a short time after the wreck, possibly half an hour ; he told us this when he was bringing a new rail ; I told him he might as well have put in a wooden rail ; the purpose is as part of the res gestæ ; and Mr. Taylor was the man who had charge of the road ; this occurred about half an hour after the accident with Briggs still there and the wreck still there.

Judge Furst : It is objected that the declarations of Mr. Taylor made after the accident are not part of the res gestæ, and are not admissible as evidence against this defendant.

That his declarations are not evidence because he was not in charge of this train ; he had nothing to do with the running of the train ; that Harry Taylor is simply a track foreman, and his declarations are not sufficient in law to bind this defendant.

The Court : Objection sustained. Testimony excluded. Bill of exceptions sealed for plaintiff. [12]

The court gave binding instructions for defendant.

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* among others were (1) binding instructions for defendant ; (3, 12) rulings on evidence, quoting the bill of exceptions.

*James S. Woods* and *W. H. Woods*, for appellant.—It was for the jury to determine whether or not the rottenness of the ties under the rail caused it to crack and break, or contributed to the accident in any way : O'Donnell v. Allegheny Valley R. R. Co., 59 Pa. 239 ; Penna. R. R. Co. v. Zink, 126 Pa. 288 ; McCombs v. Ry. Co., 130 Pa. 182.

A principal is bound by the declarations of his agent made at the time and place of accident, in the course of his employment, or within a reasonable time thereafter : Dodge v. Bache, 57 Pa. 421 ; Union R. R., etc., Co. v. Riegel & Co., 73 Pa. 72.

*J. D. Dorris* and *A. O. Furst*, for appellee.—The master is

not liable for latent defects : Simpson v. Pittsburg Locomotive Works, 139 Pa. 245 ; McAvoy v. Pennsylvania Woolen Co., 140 Pa. 1 ; P. & R. R. R. Co. v. Hughes, 119 Pa. 301 ; Mensch v. Penna. R. R. Co., 150 Pa. 598 ; Ehni v. National Tube Works Co., 203 Pa. 186.

The alleged narrative was of a past occurrence and was not part of the res gestæ, nor could the declarations of a track foreman under such conditions bind the defendant company : Penna. R. R. Co. v. Books, 57 Pa. 339 ; Ogden v. Penna. R. R. Co., 23 W. N. C. 191.

OPINION BY MR. JUSTICE POTTER, July 9, 1903 :

The plaintiff in this case is the wife of George W. Briggs, who was killed while engaged as a conductor on the line of the East Broad Top Railroad & Coal Company, on March 6, 1900. This company operated a narrow gauge railroad extending from Mt. Union, Huntingdon county, to Woodvale, in the same county, a distance of about thirty-six miles.

At the time of the accident, the deceased was in charge of train No. 6, going south from Orbisonia at a place called Martins Meadow. The train was a mixed one of freight and passenger cars. It was admitted that the accident was caused by the breaking of a rail. Plaintiff claimed that the proximate cause of the breaking of the rail was rotten ties. The railroad company defended on the ground that the breaking of the rail was caused entirely by a latent defect in the structure of the rail called a " pipe."

At the trial, plaintiff offered evidence showing that the breaking of a rail caused the car on which her husband was riding to upset. She also called witnesses to show that at that point the ties, or some of them, were rotten. But none of these witnesses fixed definitely the location of the rotten ties. There was, however, some evidence that some of the ties under the rail were rotten, and were mashed by the car wheels after the train left the track.

The witness, Cox, was perhaps more exact than any other witness in attempting to locate the defective ties. He visited the scene of the accident the next day, and after a new rail had been laid to take the place of the broken one. While in answer to the question, " With respect to the broken place in

the rail, did you see any new tie there ? " he testified, " I saw one new," he modified his answer by saying he thought it was at the exact place, but was not positive, and further qualified it by testifying that he saw no loose tie that had been taken out, nor did he see any digging, as if a tie had been removed.

Evidence was also introduced to show that two men had seen a large rusty crack in the rail at the place of the break the day before the accident, but there was no evidence that the defendant company had notice of the condition of the rail.

We do not regard this evidence as sufficient to justify a submission of the case to the jury. There was no definite testimony that the ties were rotten at the place of the break. A conclusion that they were would be nothing more than a guess.

When the evidence of the defendant upon this point is considered, the conclusion is irresistible that the break in the rail was not due to rotten ties. It tended to show that the break in the rail occurred between two ties ; that the condition of the ties was good ; that the alignment of the track was all right, and that the rails had not spread ; that on the Saturday previous the track had been inspected ; two experts testified that there was a latent defect at the place in the rail called a " pipe," which could not have been discovered by any inspection ; it was shown that a much heavier train had passed safely over the spot where the accident occurred about half an hour before the accident.

We do not consider that there is any real conflict in the evidence ; that on the part of the plaintiff in this respect being a mere guess as to the condition of the ties at the precise place of the accident, while the testimony on the part of the defendant is clear and positive.

Plaintiffs offered to prove that the defendant company had allowed its roadbed and its rails to fall into bad repair generally, and at places other than that of the accident.

Defendant's counsel objected, in so far as the offer proposed to prove the condition of the road at another point than that where the accident occurred. This objection was sustained and rightfully, we think. The general condition of the road was not involved in the issue to be tried. The question was whether the train had been thrown from the track by reason of the negligence of the company or its agents or servants, at that point.

Evidence of negligence at some other point, which did not contribute to this accident, was clearly incompetent.   This principle has been clearly declared and sustained in other states.   See R. R. Co. v. Fox, 11 Bush (Ky.), 495 ; Huntley v. R. R. Co., 38 Mich. 537.   There the injury was caused by a passenger car being thrown from the track.   The court says : "We are also of opinion that no defects in the track could be relied on to show negligence contributing to the accident except those existing where the track was injured or displaced, and that testimony as to the condition of the road away from the scene of the injury was improper, to make out a cause of action, and could only tend to raise false issues."   To the same effect is Morse v. R. R. Co., 30 Minn. 465.*

We do not regard O'Donnell v. Allegheny Valley R. R. Co., 59 Pa. 239, as being in conflict with the doctrine of these decisions.   In that case there was testimony that the injury arose from the breaking of a rail which was caused by its resting upon rotten ties.   It was further shown that the ties were of hemlock and had been allowed to remain in place for twelve or thirteen years.   This was regarded as clear evidence of negligence on the part of the company.

The plaintiff also complains here of the exclusion of proof of declarations made about half an hour after the accident by Harry Taylor, the division foreman.   This evidence was properly excluded.   It is clear that such declarations were not a part of the res gestæ.   When they were made, the time which had elapsed since the accident was sufficient to convert them into a mere narrative of a past occurrence.   We think the trial court was justified in assuming the responsibility in this case, of directing a verdict for the defendant.

The assignments of error are all overruled, and the judgment is affirmed.

---

* Also reported, 16 N. W. Repr. 358.   Reporter.