# Commonwealth *v.* Force, Appellant.

*Criminal law—Larceny—Conflict of evidence—Question for jury.*

1. On the trial of an indictment for larceny for stealing a razor, the property of a county, the case is for the jury and a conviction will be sustained where the evidence for the commonwealth tends to show that the defendant was a prisoner in the county jail, and that, when he was discharged, he clandestinely took a razor which was kept

for the use of prisoners, knowing it to be the property of the county, for the purpose of appropriating it to his own use.

*Evidence—Declarations—Res gestæ—Criminal law—Larceny.*

2. Declarations to become a part of the res gestæ, must have been made at the time of the act done, or be so connected with the main facts in issue as to constitute a part of the transaction.

Argued March 1, 1910.   Appeal, No. 13, Feb. T., 1910, by defendant, from judgment of Q. S. Clinton Co., Oct. T., 1909, No. 9, on verdict of guilty in case of Commonwealth v. Alva Force.   Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Indictment for larceny.   Before HALL, P. J.

At the trial the defendant made the following offer:

Mr. McCormick: I offer to prove by this witness that the defendant brought the razor to his home, to her house, and proposed to take it back to the jail to deliver it to the sheriff; that she said to him that he should not go back to the jail but that she would take the razor back and deliver it for him; that afterwards she overlooked the matter and failed to take it back until the arrest was made.

Counsel for commonwealth objects; because it is an attempt on the part of the defendant to manufacture evidence for himself; second, because it is immaterial and incompetent.

The Court: The defendant himself has sworn that he bought the razor and believed it his own, that the sheriff never spoke to him about it at all; that the first he knew the sheriff claimed it was when the turnkey demanded its return at midnight of the day he has carried it away. The offer fixes no time at which this alleged conversation occurred, but if it occurred after he knew his theft had been discovered, if it was a theft, it would have no relevancy. The inquiry here is as to what his intention was when he took the razor. A subsequent intention to return it after the taking was discovered would not re-

lieve him.    Objection sustained, evidence excluded and bill sealed for defendant. [2]

Mrs. Jennie Ryon on the stand.

Mr. McCormick: I propose to prove by her that the defendant told her to tell his mother to take that razor down to the jail and deliver it to the sheriff, after he had gone away.

Mr. Hall: Objected to as incompetent and entirely too remote to be introduced here as testimony in the case, and immaterial.

The Court: Objection sustained, evidence excluded and bill sealed for defendant. [3]

Verdict of guilty, upon which judgment of sentence was passed.    Defendant appealed.

*Errors assigned* were (2, 3) ruling on evidence, quoting the bill of exceptions, and (4) in refusing binding instructions for plaintiff.

*C. S. McCormick,* for appellant.

*H. T. Hall,* district attorney, for appellee.

OPINION BY PORTER, J., July 20, 1910:

The defendant was in the indictment charged with the larceny of a razor, the property of the county of Clinton. The commonwealth produced evidence which, if believed, established that the razor was the property of the county of Clinton, that it was kept in the county jail in the charge of the sheriff for the purpose of being used by the prisoners to shave themselves while in the jail; that the defendant knew these facts and in common with other inmates of the jail used the razor while a prisoner and, knowing that the razor was the property of the county, he clandestinely took it, when discharged from the prison, for the purpose of appropriating it to his own use.    The defendant, it is true, contradicted the testimony of the officers of the jail who had testified that they had given him express notice

that the razor was the property of the county, and asserted that he had bought the razor from another prisoner. The question of fact raised by this conflict of testimony was for the jury, to which the question of the intent with which the appellant took the razor must necessarily be submitted. The evidence was sufficient to warrant a finding that the defendant had taken the razor with felonious intent and it would have been error for the court to give the jury binding instructions in favor of the prisoner. The first and fourth specifications of error are dismissed.

The offers of the appellant to prove by his mother and aunt, the declarations which he had made to them, respectively, with regard to the razor, failed to state the time at which those declarations were made, and were properly excluded. The larceny, if there was a larceny, was complete when the defendant left the jail, and it is manifest from the offers that these declarations were made after that time. The defendant was charged with a criminal act and his only declarations which could become admissible in his favor were such as emanated instinctively from the act. Such declarations are admissible because they are so wrought up in the body of the act that they cannot be separated from it. In such cases the act is part of the declaration, and the declaration a part of the act: Wharton's Criminal Evidence, sec. 266. Declarations made by the defendant in his own favor, unless part of the res gestæ, or a confession offered by the prosecution, are not admissible for the defense. Declarations, to become a part of the res gestæ, must have been made at the time of the act done, or be so connected with the main fact in issue as to constitute a part of the transaction: Grim v. Bonnell, 78 Pa. 152; Briggs v. Railroad & Coal Co., 206 Pa. 564; Sorenson v. Dundas, 42 Wis. 642; Conlan v. Grace, 36 Minn. 276; Bland v. State, 2 Ind. 608. The declarations which the defendant sought to introduce in evidence were in their nature self-serving, and the offers failed to disclose whether those declarations were made before or after the appellant actually knew

that his theft had been discovered.   The second and third specifications of error are overruled.

The judgment is affirmed and the record is remitted to the court below to the end that the sentence be carried into effect.