## Stubbs et ux. *v.* Duquesne Light Company, Appellant.

*Negligence—Proximate cause—Independent contractor—Intervening period—Resumption of possession and control.*

If an employer, at the time he resumes possession of the work from an independent contractor, knew or ought to have known, or from careful examination could have known, that there was any defect in the work, he is responsible for any injury caused to a third person by defective construction or operation.

In an action of trespass for personal injuries it appeared that the defendant company had been employed to install new electric equipment in a city market house. During the course of these improvements, at the request of the manager of the market house, it moved an unused transformer from the cellar of the building to the pavement, where it was placed at the direction of the manager. Some oil from the transformer flowed onto the pavement and the plaintiff, walking over the same the following day, slipped and fell and was injured.

Under such circumstances there can be no recovery against the electric company. Its responsibility terminated when it moved the transformer at the direction of the city's employee, and it cannot be liable for what subsequently happened after it had relinquished control.

Argued May 2, 1924. Appeals, Nos. 46 and 47, April T., 1924, by defendant, from judgment of C. P. Allegheny Co., July T., 1922, No. 685, on verdict for plaintiffs in

2    STUBBS et ux. v. DUQUESNE L. CO., Appel.

the case of John M. Stubbs and Elizabeth Stubbs, his wife, v. The Duquesne Light Company. Before HENDER-SON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Elizabeth Stubbs, in the sum of $1,000 and for the plaintiff, John M. Stubbs, in the sum of $75, and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Carl E. Glock,* and with him *Reed, Smith, Shaw and Maclay,* for appellants.—The contractor who performs a particular work for the employer is not liable for injuries to a third party occurring after the work has been completed and it has been accepted by the employer: Curtin v. Somerset, 140 Pa. 70; First Presbyterian Congregation v. Smith, 163 Pa. 561, 576; DuBois Electric Company v. Fidelity Trust Company, Ancillary Administrator of V. W. Pancoast, 238 Fed. 120.

*Thomas M. Marshall, Jr.,* and with him *Thomas M. Marshall,* for appellee.—The defendant company was acting as an independent contractor: Bain v. Petroleum Iron Works Company, 223 Pa. 99; Edmundson v. Pittsburgh, McKeesport and Youghiogheny R. R. Co., 111 Pa. 316; Thomas v. Altoona and Logan Valley Electric Ry. Co., 191 Pa. 361; Bachler v. Widmyer, 242 Pa. 108.

A point not raised in the court below will not be considered on appeal: First National Bank of Mildred v. Home Insurance Co., 274 Pa. 130; Schickley v. Phila. and Reading C. & I. Company, 274 Pa. 360; Bachman's App., 274 Pa. 420; Gallagher v. American Bitumastic

Enamel Co., 273 Pa. 314; Quinlan and Robertson v. Rundle, 273 Pa. 479.

OPINION BY GAWTHROP, J., July 2, 1924:

In this action a husband and wife sued The Duquesne Light Company, claiming that because of the negligence of its employees the wife had sustained serious injuries. Plaintiffs recovered verdicts and from judgments entered thereon the company appeals. The only question raised by the assignments of error is whether defendant was entitled to binding instructions at the trial and to judgments on its motion for judgment n. o. v.

Viewed in the light most favorable to plaintiffs, the evidence warrants the following statement of facts: Defendant was engaged in installing new electric apparatus for the City of Pittsburgh in its North Side Market House. There was in the cellar of the Market House an electric transformer which belonged to the city, but which had never been used or connected with the electric system in the building. One Rapp, who was the city electrician, requested the superintendent of the defendant company for the north side of the city to move the transformer out of the cellar and place it on the sidewalk at a designated place close to the building. The transformer weighed about one and one-half tons and was filled with oil or grease. Before moving the transformer, defendant's men took the oil out of it. Then, by means of the apparatus which they had for the purpose of moving heavy articles, they raised the transformer from the cellar and set it up against the wall on the pavement at the place suggested by the city electrician, and put the oil into it again. Defendant presented a bill to the city for this work. As Mrs. Stubbs was walking along the pavement in front of the Market House, she slipped on some oil which extended across the pavement from the transformer to the curb and received the injuries complained of. The negligence charged was the placing of the transformer against the Market House in the condi-

tion in which it was with grease running therefrom, the failure to take precaution to prevent grease from running over the sidewalk, and the failure to clean the grease from the portion of the sidewalk used by pedestrians. The accident happened about eight o'clock in the morning in the month of February. The transformer was placed upon the pavement about ten or eleven o'clock of the preceding day. The superintendent of the Market House, a city employee, testified for plaintiffs that he saw it done. One of the city engineers was also present and required defendant's men to replace the oil after the transformer was set on the pavement.

It cannot be denied that there was evidence which warranted a finding that there was a dangerous condition on the pavement. The contention of defendant is that its relation to the work of removing the transformer ceased when it was placed upon the pavement, that it had no further control over it and, therefore, is not liable for what happened thereafter. It asks us to apply the principle of law that was recognized and followed in Curtin v. Somerset, 140 Pa. 70; First Presbyterian Congregation v. Smith, 163 Pa. 561, and Fidelity Title & Trust Co., Admr. of Pancoast v. DuBois Electric Co., 253 U. S. 212. The principle is stated thus in the last mentioned case: "Of course, it is true that when the presence or absence of danger depends upon the subsequent conduct of the person to whom control is surrendered, the previous possessor may be exonerated when the control is changed." In that case the chairman of a political party requested defendant to suspend a banner across the street and to take it down after the election, stating that he did not want to have anything to do with it. After the banner was suspended, it fell and injured Pancoast, who brought suit against the electric company. Judgment entered on a verdict for plaintiff was reversed without a venire by the circuit court of appeals, the court holding that there was insufficient evidence that the defendant had undertaken the duty of

maintaining the banner.  On appeal to the Supreme Court of the United States, it was held in an opinion by Mr. Justice HOLMES that it was not proper to reverse the judgment without ordering a new trial, because, under the facts, there was evidence that the defendant had not stepped out of control and that the evidence warranted a finding that the defendant undertook the care of the banner while it was up.  But the principle above quoted was recognized, and Curtin v. Somerset, supra, was cited as sustaining it.  The facts of that case were that the contractor for a hotel building had completed his con-tract and it had been accepted by the hotel company. Four days afterwards, at an entertainment given therein, a crowd of persons collected on the porch, a girder which supported it gave way, the porch fell and, by reason thereof, the plaintiff was injured.  On appeal from the judgment entered on a verdict for plaintiff in a suit against the contractor, it was held that the plaintiff was not entitled to recover, because an independent contractor who builds a house, bridge or does any other work owes no duty to third parties after the work is taken off his hands by the owner.

In Congregation v. Smith, 163 Pa. 561, it was held that where a contractor is employed by a municipality to build a sewer and he has finished the work and the sewer has been accepted by the city, the contractor is not liable at the suit of a property owner for an injury to property caused by a break in the sewer, although the break was due to the negligent construction of the sewer. Mr. Justice DEAN said, inter alia, "The Pennsylvania rule, deducible from all the cases, is, that if the employer, at the time he resumes possession of the work, from an independent contractor, knew or ought to have known, or from a careful examination could have known, that there was any defect in the work, he is responsible for any injury caused to a third person by defective construction."  The opinion declared the rule laid down in Wharton on Negligence, Secs. 438, 439, to be the law:

"There must be a causal connection between the negligence and the hurt; and such causal connection is interrupted by the interposition between the negligence and the hurt of any independent human agency......Thus a contractor is employed by a city to build a bridge, and after he has finished his work, and it has been accepted by the city, a traveler is hurt when passing over it by a defect caused by the contractor's negligence. Now, the contractor may be liable on his contract to the city for his negligence, but he is not liable to the traveler;...... because, between the traveler and contractor intervened the city, an independent responsible agent, breaking the causal connection."

We are of opinion that the principle of law declared in the above cases is controlling here. The placing of the transformer on the pavement by defendant's employees at the request of the city was no part of the work which defendant was employed to do. It was an independent operation done at the request of the city. Defendant might have left the transformer in the cellar. If the request had been to move a barrel of molasses from the cellar to the pavement above, it would hardly be contended that compliance with the request constituted a part of the work in installing the electric apparatus. It makes no difference whether defendant received compensation for moving the transformer or not. It was not a part of the work which defendant was doing under its contract. The case is the same as though defendant had not been engaged under its contract, but had been asked to move the transformer from the cellar to the pavement. When that job was finished defendant abandoned its temporary possession of and connection with the transformer, stepped out of control and the city resumed control of it and was responsible for conditions upon the pavement which resulted from its being placed there and which the superintendent of the Market House knew, or ought to have known, to exist. The duty of defendant to the public in connection with the transaction had

ceased and, if any injury occurred thereafter as the result of conditions existing when the city stepped in or which arose later, it is not liable. We are constrained to hold, therefore, that defendant was entitled to an affirmance of its point requesting binding instructions.

The appellee contends that the point upon which we have ruled the case was advanced for the first time in this court and that a new theory may not be advanced in the appellate court when the trial judge was given no opportunity to pass upon the question. The request for binding instructions and the motion for judgment n. o. v. were overruled. This requires us to consider all basic and fundamental errors, although no formal objection was made: Brown v. McCurdy, Admr., 278 Pa. 19. The principle of law which controls the present case stood in the way of plaintiff's right to recover, and the failure to apply it was basic and fundamental error.

The judgments are reversed and here entered for defendant notwithstanding the verdicts.