## Kingan v. Duquesne Light Co., Appellant.

*Negligence—Electric light companies — Defective motor switch box.*

1. An electric light company in installing electric appliances is bound to exercise the highest practical degree of care.

2. In an action against an electric light company to recover for personal injuries alleged to have been caused by the explosion of a motor switch box, the case is for the jury and a judgment on a verdict for plaintiff will be sustained, where the jury finds, on conflicting testimony, that the accident was caused by an arcing, resulting from the switch being of insufficient size.

*Appeals—New trial—Refusal of—Discretion of lower court— Abuse of.*

3. The appellate court will not reverse a judgment because of the refusal of the lower court to grant a new trial, where no manifest abuse of discretion is shown.

Argued September 30, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 68, March T., 1926, by defendant, from judgment of C. P. Allegheny Co., July T., 1923, No. 1034, on verdict for plaintiff, in case of Charles A. Kingan v. Duquesne Light Co.  Affirmed.

Trespass for personal injuries.  Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,000.  Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Carl E. Glock,* with him *Reed, Smith, Shaw & McClay,* for appellant, cited: Zeigler v. Foundation Co., 228 Pa. 64; Jones v. R. R., 202 Pa. 81; Snodgrass v. Steel Co., 173 Pa. 228; Alexander v. Water Co., 201 Pa. 252; Zahnhiser v. Torpedo Co., 190 Pa. 350; Milton Weaving Co. v. Northumberland Co., 251 Pa. 79; Adams v. L., H. & P. Co., 69 Pa. Superior Ct. 478.

*Thomas M. Marshall,* with him *R. P. & M. R. Marshall,* for appellee, cited: Lynch v. Electric L., H. & P. Co., 268 Pa. 337.

OPINION BY MR. JUSTICE WALLING, November 22, 1926:

On May 4, 1921, plaintiff, while employed at the plant of the Pittsburgh Ice Company, was injured by the explosion of a motor switch box, which defendant had installed in connection with other electrical appliances; from judgment entered on a verdict for plaintiff, defendant has appealed.  The record is free from error and discloses nothing calling for extended discussion. Appellant's principal contention is the trial court's refusal to take the case from the jury; but as it turned on disputed questions of fact, this could not be done.

In 1920, defendant made a contract with the ice company for the placing in its plant of certain electrical

equipments, including a motor switch in an iron box, which was done. The first switch, however, proved unsatisfactory and, in its place, defendant installed the one here in question. The work was paid for when defendant's bills were approved by the ice company's chief engineer. The testimony for plaintiff, including that of the ice company's secretary and treasurer, was to the effect that the replaced switch had never been accepted or paid for. Defendant offered some evidence to the contrary and the trial judge properly instructed the jury to render a verdict for the defendant if they found the switch had been accepted. See Stubbs et ux. v. Duquesne Light Company, 84 Pa. Superior Ct. 1. Plaintiff, who was night engineer, testified that, on the evening preceding the accident, defendant's foreman told him the switch was complete and to use it whenever he had occasion to start the motor, and that early the next morning, as he threw the switch, for such purpose, it exploded, making a hole in the switch box and seriously burning his right hand and arm. The explosion seems to have been caused by an arcing, which the evidence for plaintiff tended to show resulted from the switch being of insufficient size. The motor it was designed to control was of 25-horse power and the current for the same was 440 volts, while according to the evidence for plaintiff the switch was a dry one for only 250 volts and the three poles connected therewith were only two inches apart, when for the heavier voltage the space should have been at least three and a half or four inches; and the probable result of using such a current on a small switch would be an arcing and explosion. Plaintiff was familiar with electrical appliances and while, he could not state the exact capacity of the switch, said it was about 220 to 250 volts. This was sufficient to take the question to the jury, although evidence for the defendant tended to show it was an oil switch (much safer) of 600 volts capacity; that following the accident the electrical appliances were found in perfect order, with no hole in the switch box,

and that the cause of the explosion was the improper throwing of the switch by plaintiff.   The latter's testimony was that it was a single throw switch, made by one upward movement of the lever, which he gave with the proper assurance; while defendant's witnesses said it was a double throw switch, made by a downward and later an upward movement of the lever and that a hesitating manner of the latter might cause an explosion. It was shown, however, that a single upward throw of a double throw switch would burn out the fuses, which here did not occur.   After the accident, defendant put in a larger switch and took away the one in question but failed to produce it at the trial.   No one but a jury could pass upon the conflicting evidence and to them the questions of negligence and contributory negligence were properly submitted.   Defendant, handling electricity, a very dangerous agency, was bound to exercise the highest practicable degree of care (Lynch v. Meyersdale E. L., H. & P. Co., 268 Pa. 337); whether it did so and whether plaintiff, an experienced engineer, familiar with electrical equipments, was negligent, were questions of fact, which, on this appeal, we must treat as found in his favor: King et ux. v. Darlington B. & M. Co., 284 Pa. 277.

As the trial judge placed the burden of proving negligence upon the plaintiff, the rule of res ipsa loquitur is not involved.   Complaint is made of the refusal to grant a new trial; but that was a matter for the trial court with which we cannot interfere, except to correct a manifest abuse of discretion, of which there is no evidence.

The judgment is affirmed.