Scalise *v.* F. M. Venzie & Co., Inc., Appellant, et al.

Argued April 25, 1930. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Ralph N. Kellam,* with him *J. Webster Jones* and *Irwin F. Holt,* for appellant.—The case is ruled by Curtin v. Somerset, 140 Pa. 70.

See also Smith v. Yellow Cab Co., 288 Pa. 85.

*Adda Lutz Ferguson,* with him *Walter I. Summerfield,* for appellee, cited: Kelley v. Agr. Society, 286 Pa. 97; Alexander v. Steel Co., 189 Pa. 582; Hoffner v. Prettyman, 6 Pa. Superior Ct. 20; Kane v. Lauer, 52 Pa. Superior Ct. 467; Folkman v. Lauer, 244 Pa. 605; Fidelity v. Electric Co., 253 U. S. 212; Gentile v. Ry., 274 Pa. 335; Gallivan v. Wark, 288 Pa. 443; Zimmer v. Casey, 296 Pa. 529; Hewitt v. Publishing Co., 271 Pa. 546.

OPINION BY MR. JUSTICE KEPHART, May 27, 1930:

Appellant was engaged by Irwin and Leighton, general contractors, to do the plastering in an office building being constructed by Fidelity Building Corporation, as owners. The Fidelity, by an independent contract, employed D'Ascenzio Studios to do the decorating; the latter subcontracted this work and plaintiff's deceased husband was employed as a decorator by the subcontractor. The owner (Fidelity) agreed to furnish to D'Ascenzio the scaffolding on which the decorators would work, and directed the general contractors to supply it; they in turn contracted with appellant to supply it for the use of the decorators. Appellee's husband, while at work on the scaffolding, fell from it because of its defective construction, and was killed. In the action to recover damages, a verdict for the widow was sustained by the court below. This appeal followed.

Appellant claims that under Curtin v. Somerset, 140 Pa. 70, it was not liable. There a contractor engaged to build a hotel, and when the building was completed it was turned over to and accepted by the hotel company, possession and occupancy thereof being taken and the contractor withdrawing from the premises.. An enter-

tainment, which a crowd of persons attended, was given by the proprietor. A small party gathered on the porch, when one of the supports broke, precipitating the injured person to the ground. An action was instituted against the contractor, and we held that the contractor, having surrendered control and possession, owed no duty to the invitee of the landlord, the injured person not being there by the contractor's invitation. When the hotel company took possession and control, the contractor, as to third persons, was relieved of liability for negligence in construction.

In every case of actionable injury, there must be a causal connection between the negligence and the hurt, and if the causal relation, originating with the negligent act, is interrupted by an intervening independent human agency sufficient to create a new relation as to the cause, such intervening agency thereafter assumes or adopts responsibility flowing from the negligent act, though originating by another, and liability cannot be thrown further back. The intervening agency in that case was the appearance of the hotel company in control and possession. Had the contractor been in possession when the landlord invited the guests on the porch, the appearance of the landlord would not have been sufficient to disturb causation,—the invitees could be said to have reposed some confidence in the fact the contractor was in charge,—but when the contractor withdrew from the premises, and the landlord took possession and control of the property, including that part wherein the negligent act took place, then an entire new relation was created as to such condition; thereafter it was the landlord who knew or should have known of its existence: See First Presbyterian Congregation v. Smith et al., 163 Pa. 561; Anderson v. London Guarantee Co., 295 Pa. 368.

The difference between Curtin v. Somerset and the instant case lies in the following facts: The scaffolding was furnished (for compensation) by the appellant plas-

terers, on the order of the general contractor, for the use of the painters and decorators. The use was not exclusive, but permissive and joint. It had been erected by appellant, for its own use, and was in such use on the day the accident took place. After its work was completed, appellant dismantled and removed the scaffolding as its own. Appellant built, had possession of, and continued to use the scaffolding, exercising a control over it when the accident happened, and employing it for its own purposes alone when the decorators were through. Use was indeed all that was contemplated by the parties. In other words, appellant permitted for hire another to occupy his premises, and in doing so it owed the duty of reasonable care that nothing would be negligently done to his injury; if it failed in its duty, and persons using the scaffolding were injured, it was liable as owner.

Appellant is not in the position of one who sells or furnishes an article for the exclusive use and control of another but is more like an owner who permits another to use the premises for hire: Sloan v. Hirsch, 283 Pa. 230; Folkman v. Lauer, 244 Pa. 605; Fidelity v. DuBois Electric Co., 253 U. S. 212. Under such circumstances, appellee's husband, lawfully on the premises, may be regarded as an invitee to whom the owner had a duty of reasonable care in the construction of the scaffolding. The rule laid down in Kelly v. Agricultural Society, 286 Pa. 97, and in McGrath v. Penna. Sugar Co., 282 Pa. 265, 271, applies.

Appellee received payment under the Workmen's Compensation Act, and it is contended that under section 319, being a dependent of the employee and receiving compensation, she cannot sue, as any right of action thereunder is vested solely in the employer because he is subrogated to the amount paid her on account of the injury. Smith v. Yellow Cab Co., 288 Pa. 65, is relied on. What was there decided was simply this: That section 319 subrogates the employer to whatever sum he

pays the employee or his dependents on account of any injury for which a third person is responsible. The decision does not hold that the employer is the only person to sue. The clear tenor of that and other decisions is to the contrary. The Yellow Cab Case held, so strongly fortified was this subrogation feature, that, if an employee settles with the wrongdoer, the employer's subrogated sum is not lost thereby, although his right may be lost by laches. In the first case, which considered the question of action by the employer (Mayhugh v. Somerset Telephone Co., 265 Pa. 496), the court below marked a portion of the judgment for the employer's benefit; we dismissed the appeal, sustaining the order without discussing the employee's right. Section 319 in saying "Subrogated...... to the extent of compensation payable," does not contemplate that the sole right to recover against the tort-feasor is in the employer, nor is there anything elsewhere in the act which suggests such a thought.

The right of action remains in the injured employee,—suit is to be brought in his name,—the employer may appear as an additional party plaintiff, as in Gentile v. P. & R. Ry., 274 Pa. 335, or, as use-plaintiff, as in Mayhugh v. Somerset Telephone Co., supra, may intervene for the purpose of protection or he may do as suggested in Smith v. Yellow Cab., supra,—notify the tort-feasor of the fact of employment and of the payments made or to be made. The employer, moreover, is not to be denied his right of suit because the employee does not sue; but may institute the action in the latter's name.

Appellant and appellee's husband were in the relation of independent contractors to each other. Appellant owed the duty of reasonable care to him; and when this was violated in failing properly to construct the scaffolding, his right of action followed. Although appellee receives compensation from the employer, her right under the Compensation Act to sue a third party wrongdoer still remains: Zimmer v. Casey, 296 Pa. 529; Lengle v. North Lebanon Twp., 274 Pa. 51.

The order refusing a new trial is a discretionary act of the court below. We find the assignment of error thereto to be without merit.

Judgment of the court below affirmed.