# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, AS SUBROGEE OF GEORGE LAWRENCE, | : No. 19 WAP 2014 |
| | : |
| | : Appeal from the Order of the Superior |
| | : Court entered September 27, 2013 at No. |
| Appellant | : 1052 WDA 2012, affirming the Order of |
| | : the Court of Common Pleas of Elk County, |
| | : entered May 22, 2012 at No. C.P. 2011- |
| v. | : 485. |
| | : |
| | : ARGUED:  October 8, 2014 |
| DOMTAR PAPER CO., | : |
| | : |
| Appellee | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| COMMERCIAL NET LEASE REALTY SERVICES, INC., AND COMMERCIAL NET LEASE REALTY TRUST, AND COMMERCIAL NET LEASE REALTY, INC., AND NATIONAL RETAIL PROPERTIES, INC., AND  NATIONAL RETAIL PROPERTIES TRUST, | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| Appellees | : |

## DISSENTING OPINION

**MADAME JUSTICE TODD**                                **DECIDED:  APRIL 27, 2015**

I agree with the majority, to the extent it preserves the right of an employer or its insurance company, as subrogee of an injured employee, to bring suit in the name of the injured employee in the capacity of a "use-plaintiff."  As we recognized in Scalise v. F.M. Venezie, 152 A. 90 (Pa. 1930), this procedure affords the employer/insurer a means to vindicate its right to recovery of payments made because of injuries caused

by a third-party tortfeasor in situations where the injured employee elects not to bring suit in his or her own capacity. See also 7 West's Pa. Prac., Workers' Compensation § 12:13 (3d. ed.) (endorsing "use practice" as a means by which the employer/insurer may assert its subrogation right by bringing an action "on behalf of the injured employee."). However, ultimately, I find myself in agreement with the view expressed by Chief Justice Saylor in his Dissenting Opinion that the manner in which Liberty Mutual captioned the instant proceeding, "as subrogee of George Lawrence," is not fatal to its claim, as it is the functional equivalent of bringing this proceeding in the capacity of a "use-plaintiff."

The effect of Liberty Mutual instituting suit "as subrogee of George Lawrence" was to indicate that it was "standing in the shoes" of Lawrence, and, thus, was asserting *Lawrence's* rights in the suit, and not suing in its own capacity. See, e.g., Johnson v. Beane, 664 A.2d 96, 100 (Pa. 1995) ("The equitable doctrine of subrogation places the subrogee in the precise position of the one to whose rights he is subrogated."). Consequently, for the reasons expressed by Chief Justice Saylor, I view Liberty Mutual's complaint, although not expressly styled as such, to be of the type which our Court sanctioned in Scalise, and I deem Liberty Mutual's status in this litigation to be that of a "use-plaintiff," because it is asserting the legal claims of an injured individual in a civil action, as if it were that person. Cf.; Grubnau v. Centennial Nat. Bank, 124 A. 142 (Pa. 1924) (use-plaintiff's right to maintain an action is wholly dependent on the right of the actual injured plaintiff to maintain such a suit).

I raise an additional point, however, which I believe bears emphasis. In my view, it is critical that the actual plaintiff — here, the injured employee — be served with a copy of the subrogee's complaint so that the employee may, if he or she desires, retain counsel and actively participate in the action. Such service ensures the injured

employee may actively prosecute all claims he or she may possess, and not leave the conduct of the litigation solely in the hands of the subrogee.

Indeed, I deem this requirement to be particularly important in cases such as this, inasmuch as a workers' compensation subrogee is precluded by 77 P.S. § 319 from recovering any damages in excess of what it paid to the injured employee in workers' compensation benefits. Consequently, the subrogee has no incentive to pursue claims for additional damages which the injured employee might ordinarily seek in his or her own capacity. Giving an injured employee notice of a subrogee's suit is essential, as it allows the injured employee to actively participate in and direct the scope and course of discovery, trial preparation, or the conduct of settlement negotiations in the proceeding where the final fate of his or her claims is irrevocably decided. To be sure, as Chief Justice Saylor notes, were Liberty Mutual's instant action to be litigated to final judgment, any subsequent action brought by Lawrence would be barred under the doctrine of *res judicata*. Dissenting Opinion (Saylor, C.J.), at 2.

Chief Justice Saylor observes that, to avoid harm to the ability of Lawrence to be fully and fairly compensated, the trial court could have required that he be joined as a party. Id. at 2 n.2 ("To the degree Mr. Lawrence's rights might be compromised by Liberty Mutual's action — since Liberty Mutual was only subrogated to the amount it paid Mr. Lawrence — the court *could* have required his joinder as an additional plaintiff."(emphasis added)); see also Pa.R.Civ.P. 2232 (providing that "at any stage of an action, the court *may* order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined" (emphasis added)). However, in my view, such a wholly discretionary process is insufficiently protective of the important fundamental rights of the injured employee at stake in these situations. It seems to me the better practice,

then, is to require the subrogee to provide notice to the injured employee upon commencement of its action as use-plaintiff. Requiring such notice would also be consistent with the principle reaffirmed by the majority that there should be no splitting of an injured employee's cause of action against a third-party tortfeasor, in order to ensure that the injured employee may still prosecute all causes of action in the manner he or she sees fit, even if the subrogee commences suit *first*.[1]

Due to the fact that these types of "for use" suits by a subrogee remain viable, as confirmed by our decision in the instant matter, and because, as *amici*, the National Association of Subrogation Professionals and the Insurance Federation of Pennsylvania, have highlighted, there is a dearth of guidance in the caselaw and under our Rules of Civil Procedure regarding the proper captioning of these suits, I would refer this question to the Supreme Court's Civil Procedural Rules Committee for study and recommendations. Additionally, I would direct the Committee to address suitable service requirements when these types of actions are commenced by a subrogee, in order to ensure that the subrogor, whose claim the subrogee is litigating, receives adequate notice and the opportunity to participate in the action.

In sum, because I agree with Chief Justice Saylor that the manner in which Liberty Mutual captioned its complaint is not fatal to the claim, I dissent.

---

[1] In the present action, although there is no indication in the record that Liberty Mutual, as subrogee, served Lawrence with a copy of the complaint, any issue regarding this lack of service was not raised in the lower courts, and, thus, is not preserved for our review in the present appeal.