**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, AS SUBROGEE OF GEORGE LAWRENCE, | : No. 19 WAP 2014 |
| | : |
| | : Appeal from the Order of the Superior |
| | : Court entered September 27, 2013 at |
| Appellant | : No. 1052 WDA 2012 affirming the Order |
| | : of the Court of Common Pleas of Elk |
| v. | : County, entered May 22, 2012 at No. |
| | : C.P. 2011-485. |
| DOMTAR PAPER CO., | : |
| | : |
| Appellee | : ARGUED:  October 8, 2014 |
| | : |
| COMMERCIAL NET LEASE REALTY | : |
| SERVICES, INC., AND COMMERCIAL | : |
| NET LEASE REALTY TRUST, AND | : |
| COMMERCIAL NET LEASE REALTY, | : |
| INC., AND NATIONAL RETAIL | : |
| PROPERTIES, INC., AND NATIONAL | : |
| RETAIL PROPERTIES TRUST, | : |
| | : |
| Appellees | : |

**DISSENTING OPINION**

**MR. CHIEF JUSTICE SAYLOR**          **DECIDED:  APRIL 27, 2015**

I would find that the caption as stated effectively makes the injured employee the use plaintiff.  Accordingly, I respectfully dissent.

The majority notes that a workers' compensation insurance carrier has no right to bring suit against a third-party tortfeasor in its own name primarily because actions arising from tortious conduct are unitary and may not be divided.  *See* Majority Opinion, *slip op.* at 16-17.  To my mind, these observations are not particularly controversial, having been established in this jurisdiction for many years.  *See, e.g., Spinelli v.*

*Maxwell*, 430 Pa. 478, 481, 243 A.2d 425, 427 (1968) (reaffirming the single-cause-of-action rule for injuries arising from one tort); *Scalise v. F.M. Venzie & Co.*, 301 Pa. 315, 320, 152 A. 90, 92 (1930) (observing, in a workers' compensation setting, that any civil action against the tortfeasor remains invested in the injured employee, albeit the employer may bring an action in the employee's name if the employee opts not to sue). Therefore, it seems to me that the more significant question for purposes of this appeal is whether the common pleas court properly dismissed the complaint in view of the specific wording of the caption.

In the complaint, the plaintiff was captioned as, "Liberty Mutual Insurance Company, as subrogee of George Lawrence, Plaintiff." Notably, use of the phrase, "as subrogee of," is a particularized means of bringing suit in the name of the use plaintiff. As such, there was little danger that the cause of action might be divided since any subsequent action brought directly by Mr. Lawrence would have been barred under the doctrine of *res judicata*.[1] Thus, by denominating itself as the subrogee of the injured party, Liberty Mutual filed a complaint of the type endorsed by this Court in *Scalise*.[2] Indeed, Liberty Mutual made this very argument in opposing Dotmar Paper's preliminary objection. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Preliminary

---

[1] Some jurisdictions express this principle by observing that a subrogee insurance company is in privity with its subrogor. *See, e.g., Geico Ins. Co. v. Graham*, 14 N.E.3d 854, 861 (Ind. Ct. App. 2014) ("A subrogee is in privity with its subrogor under the *res judicata* doctrine." (quoting *Ohio Dep't of Human Servs. v. Kozar*, 651 N.E.2d 1039, 1041 (Ohio Ct. App. 1995))); *Travelers Ins. Co. v. Royal Ins. Co.*, 841 N.E.2d 287, 2006 WL 223854, *2 (Mass. App. Ct. Jan. 30, 2006) ("The privity of the relevant parties here to the original action is undisputed: as subrogee of Peabody, the plaintiff stands in the shoes of the subrogor in whose name the original action was brought." (internal quotation marks and brackets omitted)).

[2] To the degree Mr. Lawrence's rights might be compromised by Liberty Mutual's action – since Liberty Mutual was only subrogated to the amount it paid Mr. Lawrence – the court could have required his joinder as an additional plaintiff.

Objections to Plaintiff's Complaint at 4; *see also* Brief for Appellant at 28 (renewing the argument). In my view, the common pleas court should have credited the argument and overruled Dotmar Paper's preliminary objection.

Even insofar as one might argue that this Court's decisional law only specifically endorses phraseology along the lines of "for the use of," "to use of," or "in the name of," common pleas courts may, in the interests of justice, disregard formal defects that do not affect the parties' substantial rights. *See* Pa.R.C.P. 126. Presumably, then, the court could have – and in my view should have – permitted Liberty Mutual to amend the caption's wording accordingly so that it would not lose its subrogation rights, which this Court has described as "absolute." *Winfree v. Phila. Elec. Co.*, 520 Pa. 392, 394, 554 A.2d 485, 485 (1989); *see also Scalise*, 301 Pa. at 320, 152 A. at 92 ("The employer . . . is not to be denied his right of suit because the employee does not sue, but may institute the action in the latter's name.").

Although the majority acknowledges this possibility, it elects to bypass the argument primarily on the grounds that the allocatur grant does not encompass it. *See* Majority Opinion, *slip op.* at 17-18 n.7. I note, however, that the question framed for review is very broad: "Does Section 319 of the Pennsylvania Workers' Compensation Act, 77 P.S. § 671, allow the employer/insurer to step into the shoes of the insured employee to subrogate against the tortfeasor?" *Liberty Mut. Ins. Co. v. Domtar Paper Co.*, ___ Pa. ___, 92 A.3d 809 (2014) (per curiam). In fact, subrogation by its very nature involves stepping into another party's shoes. *See, e.g., Frazier v. WCAB (Bayada Nurses, Inc.)*, 616 Pa. 592, 603, 52 A.3d 241, 248 (2012) ("In subrogation, the insurer stands in the shoes of the insured in attempting to recover what is rightfully owed to it from a third-party tortfeasor." (internal quotation marks omitted)); BLACK'S LAW DICTIONARY 1654 (10th ed. 2014). Therefore, it is not apparent why reaffirming the

established precept that an employer or insurer may only bring an action against a third-party tortfeasor in the name of the injured party falls within the question's scope, but the dispositive issue concerning the proper manner of captioning a complaint brought in the subrogor's name falls outside of it. Since the majority does not address the merits of the dispositive issue, Liberty Mutual is effectively put out of court as by now the two-year limitations period has expired.[3]

Accordingly, I respectfully dissent.

---

[3] The precept that a party initiating an action in the common pleas court should not be placed out of court due to a non-fatal defect in the filing was delineated in this Court's recent decision in *Burke ex rel. Burke v. Independence Blue Cross*, ___ Pa. ___, 103 A.3d 1267 (2014). *See id.* at ___ & n.9; 103 A.3d at 1275-76 & n.9. Although *Burke* involved an improvident appeal from a quasi-governmental agency, the same principle logically applies to a complaint filed in the common pleas court's original jurisdiction and is consistent with the focus of Rule 126.

It may also be noted that, in *Burke*, as here, the issue accepted for review centered on the statute in question and did not expressly inquire into the proper judicial response to a pleading defect. *See Burke ex rel. Burke v. Independence Blue Cross*, 620 Pa. 598, 71 A.3d 249 (2012) (per curiam) (reciting the issue as: "Did the Pennsylvania General Assembly intend to deprive families of children with autism of the right to appeal insurance denials to court[,] while granting that right to insurance companies?"). Thus, *Burke* is analogous to this matter and I am unable to discern a persuasive reason why Liberty Mutual should be treated differently than the plaintiff in *Burke*.