Chief Justice SAYLOR,
dissenting.
I would find that the caption as stated effectively makes the injured employee the use plaintiff. Accordingly, I respectfully dissent.
The majority notes that a workers’ compensation insurance carrier has no right to bring suit against a third-party tortfea-sor in its own name primarily because actions arising from tortious conduct are unitary and may not be divided. See Majority Opinion, at 478-80, 113 A.3d at 1239-40. To my mind, these observations are not particularly controversial, having been established in this jurisdiction for many years. See, e.g., Spinelli v. Maxwell, 430 Pa. 478, 481, 243 A.2d 425, 427 (1968) (reaffirming the single-cause-of-action rule for injuries arising from one tort); Scalise v. F.M. Venzie & Co., 301 Pa. 315, 320, 152 A. 90, 92 (1930) (observing, in a workers’ compensation setting, that any civil action against the tortfea-sor remains invested in the injured employee, albeit the employer may bring an action in the employee’s name if the employee opts not to sue). Therefore, it seems to me that the more significant question for purposes of this appeal is wheth *482 er the common pleas court properly dismissed the complaint in view of the specific wording of the caption.
In the complaint, the plaintiff was captioned as, “Liberty Mutual Insurance Company, as subrogee of George Lawrence, Plaintiff.” Notably, use of the phrase, “as subrogee of,” is a particularized means of bringing suit in the name of the use plaintiff. As such, there was little danger that the cause of action might be divided since any subsequent action brought directly by Mr. Lawrence would have been barred under the doctrine of res judicata.[1] Thus, by denominating itself as the subrogee of the injured party, Liberty Mutual filed a complaint of the type endorsed by this Court in Scalise.[2] Indeed, Liberty Mutual made this very argument in opposing Domtar Paper’s preliminary objection. See Plaintiffs Memorandum of Law in Opposition to Defendant’s Preliminary Objections to Plaintiffs Complaint at 4; see also Brief for Appellant at 28 (renewing the argument). In my view, the common pleas court should have credited the argument and overruled Dom-tar Paper’s preliminary objection.
Even insofar as one might argue that this Court’s decisional law only specifically endorses phraseology along the lines of “for the use of,” “to use of,” or “in the name of,” common pleas courts may, in the interests of justice, disregard formal defects that do not affect the parties’ substantial rights. See Pa.R.C.P. 126. Presumably, then, the court could have — and in my view should have — permitted Liberty Mutual to amend *483 the caption’s wording accordingly so that it would not lose its subrogation rights, which this Court has described as “absolute.” Winfree v. Phila. Elec. Co., 520 Pa. 892, 394, 554 A.2d 485, 485 (1989); see also Scalise, 301 Pa. at 320, 152 A. at 92 (“The employer ... is not to be denied his right of suit because the employee does not sue, but may institute the action in the latter’s name.”).
Although the majority acknowledges this possibility, it elects to bypass the argument primarily on the grounds that the allocatur grant does not encompass it. See Majority Opinion, at 480-81 n. 7, 113 A.3d at 1240-41 n. 7. I note, however, that the question framed for review is very broad: “Does Section 319 of the Pennsylvania Workers’ Compensation Act, 77 P.S. § 671, allow the employer/insurer to step into the shoes of the insured employee to subrogate against the tortfeasor?” Liberty Mut. Ins. Co. v. Domtar Paper Co., 625 Pa. 521, 92 A.3d 809 (2014) (per curiam). In fact, subrogation by its very nature involves stepping into another party’s shoes. See, e.g., Frazier v. WCAB (Bayada Nurses, Inc.), 616 Pa. 592, 603, 52 A.3d 241, 248 (2012) (“In subrogation, the insurer stands in the shoes of the insured in attempting to recover what is rightfully owed to it from a third-party tortfeasor.” (internal quotation marks omitted)); Black’s law Dictionary 1654 (10th ed.2014). Therefore, it is not apparent why reaffirming the established precept that an employer or insurer may only bring an action against a third-party tortfeasor in the name of the injured party falls within the question’s scope, but the dispositive issue concerning the proper manner of captioning a complaint brought in the subrogor’s name falls outside of it. Since the majority does not address the merits of the dispositive issue, Liberty Mutual is effectively put out of court as by now the two-year limitations period has expired.[3]
Accordingly, I respectfully dissent.

. Some jurisdictions express this principle by observing that a subrogee insurance company is in privity with its subrogor. See, e.g., Geico Ins. Co. v. Graham, 14 N.E.3d 854, 861 (Ind.Ct.App.2014) ("A subrogee is in privity with its subrogor under the res judicata doctrine.” (quoting Ohio Dep’t of Human Servs. v. Kozar, 99 Ohio App.3d 713, 651 N.E.2d 1039, 1041 (1995))); Travelers Ins. Co. v. Royal Ins. Co., 65 Mass.App.Ct. 1115, 841 N.E.2d 287, 2006 WL 223854, *2 (2006) ("The privity of the relevant parties here to the original action is undisputed: as subrogee of Peabody, the plaintiff stands in the shoes of the subrogor in whose name the original action was brought.” (internal quotation marks and brackets omitted)).

. To the degree Mr. Lawrence’s rights might be compromised by Liberty Mutual’s action — since Liberty Mutual was only subrogated to the amount it paid Mr. Lawrence — the court could have required his joinder as an additional plaintiff.

. The precept that a party initiating an action in the common pleas court should not be placed out of court due to a non-fatal defect in the filing was delineated in this Court's recent decision in Burke ex rel. Burke v. Independence Blue Cross, 628 Pa. 147, 103 A.3d 1267 (2014). See id. at 160-62 & n. 9, 103 A.3d at 1275-76 & n. 9. Although Burke involved an improvident appeal from a quasi-governmental agency, the *484 same principle logically applies to a complaint filed in the common pleas court’s original jurisdiction and is consistent with the focus of Rule 126.
It may also be noted that, in Burke, as here, the issue accepted for review centered on the statute in question and did not expressly inquire into the proper judicial response to a pleading defect. See Burke ex rel. Burke v. Independence Blue Cross, 620 Pa. 598, 71 A.3d 249 (2013) (per curiam) (reciting the issue as: “Did the Pennsylvania General Assembly intend to deprive families of children with autism of the right to appeal insurance denials to court!,] while granting that right to insurance companies?”). Thus, Burke is analogous to this matter and I am unable to discern a persuasive reason why Liberty Mutual should be treated differently than the plaintiff in Burke.