# Grubnau et al., to use, *v.* Centennial National Bank, Appellant.

*Banks and banking—Payment on forged check—Payment of loss to depositor by surety—Principal and surety—Master and servant—Embezzlement by servant—Assignment of claim against bank to surety—Subrogation—Invoking inconsistent remedies—Mitigation of damages.*

1. Where a bank pays a check forged by a depositor's employee, and the depositor is paid the amount thereof by the surety on the employee's bond, whereupon the depositor assigns his claim against the bank to the surety, the surety may recover in an action brought in the name of the depositor to the use of the surety, against the bank, the amount of the deposit wrongly paid.

2. In such case the bank, when it honored the forged check, used its own money and not that of his depositor.

3. The remedies of the depositor against the surety and the bank were not in the same right.

4. The bank cannot allege that, as the depositor had recourse against two persons from whom to recover the loss, and as it could only be made whole, the extent of the recovery from one must be accounted for in an action against the other.

5. Nor can the bank allege that, as the depositor had elected to collect the money from the surety for the embezzlement of the

502 GRUBNAU et al. *v.* CENTENNIAL NAT. BANK.

depositor's money, it invoked one of two inconsistent remedies, and that therefore both it and its assignee are barred from any further action.

6. Nor can it be alleged that the case is one of subrogation, wherein the equities of the bank may be said to exceed those of the surety.

7. Any person could have purchased the depositor's right against the bank, and there was no reason why the surety should not do so.

8. There is nothing here to operate in mitigation of damages.

Argued January 11, 1924.   Appeal, No. 123, Jan. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1921, No. 8006, on verdict for plaintiff, in case of Henry Grubnau et al., trading as Grubnau Brothers to use of Ætna Casualty & Surety Co. v. Centennial National Bank.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.   Affirmed.

Assumpsit to recover money paid out on forged checks. Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,563.33.   Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*R. W. Archbald, Jr.,* of *Scott, Van Dusen & Archbald,* with him *Yale L. Schekter,* for appellant.—Plaintiffs had recourse against two persons to recover their loss: they are entitled only to be made whole; to the extent to which they have recovered against one, they cannot collect against the other party liable to them: Stern v. Smith, 273 Pa. 41; Blue Star Nav. Co. v. Mining Co., 276 Pa. 352; Georgetown Water, etc., Co. v. Neale, 137 Ky. 197.

Plaintiffs, having proceeded for embezzlement against the surety company, have irrevocably adopted the act of Healy in making the check, and have elected as between

inconsistent remedies, and have thus barred any right of action against the bank: Franklin Fire Ins. Co. v. Bradford, 201 Pa. 32; Crook v. Bank, 83 Wis. 31; Equitable Life Assn. Soc. v. May, 82 Ga. 646; Whipple v. Stephens, 25 R. I. 563.

The equity of the bank is superior to that of the paid surety: Stoughton v. Gas Co., 165 Pa. 428; Cooper, Myers & Co. v. Smith, 139 Minn. 382.

*John Weaver,* with him *Alfred D. Wiler,* for appellee. —In Pennsylvania a forgery cannot be ratified even if it is the intention and desire of the parties so to do: Shisler v. Vandike, 92 Pa. 447; Henry Christian B. & L. Assn. v. Walton, 181 Pa. 201; Shroyer v. Smeltzer, 38 Pa. Superior Ct. 400.

Defendant's contention that its equity is superior to that of the use-plaintiff becomes untenable in view of the well established legal principle that the rights of the legal plaintiff are those upon which the case succeeds or falls, and the use-plaintiff is merely a formal and indeed unnecessary party to the proceeding: Blue Star Nav. Co. v. Coal Mining Corp., 276 Pa. 352.

OPINION BY MR. JUSTICE KEPHART, February 25, 1924:

Grubnau Brothers were depositors in appellant's bank. Healey, plaintiff's employee, forged two checks, using his employer's name: one on this appellant, the Centennial National Bank, for $4,000, the other on the Corn Exchange National Bank for $1,200. Both checks were paid. When the books were balanced and the forgeries discovered, the banks were duly notified. Grubnau Brothers carried insurance with the Ætna Casualty & Surety Company in the sum of $5,000 for loss arising from the misconduct of their employees. Claim was made against the Surety Company for loss for embezzlement under the policy. The Ætna Company paid the full amount of the policy, $5,000, in turn taking an assignment of all Grubnau Brothers' claims against the

banks. It brought this suit as use-plaintiff against the appellant, naming Grubnau Brothers as plaintiff. Judgment was recovered in the court below, from which this appeal has been taken.

The case was left to the jury on the single issue of forgery, and decided against appellant. The court below overruled the other contentions, which may be stated thus: first, Grubnau Brothers had recourse against two persons to recover loss and as it could only be made whole, the extent of recovery from one must be accounted for in an action against the other; second, having elected to collect from the surety company for embezzlement, thereby adopting the forger's act, and treating the money secured by him as Grubnau's money, by so doing Grubnau Brothers invoked one of two inconsistent remedies, and it, with its assignees, cannot now proceed against the bank on the other remedy, both plaintiffs being barred from any further action; third, the equities of the bank are superior to those of the insurance company.

It is stated in Howes v. Scott, 224 Pa. 7, 12, and restated in Stern Mfg. Co. v. Geo. W. Smith & Co., 273 Pa. 39, 41: "The right to maintain this action does not depend upon the interest which the use-plaintiff may have in the result. It depends solely upon whether the legal plaintiff has a cause of action against the defendant. If he cannot maintain the action, the use-plaintiff cannot do so." See also Blue Star Navigation Co. v. Emmons Coal Mining Corporation, 276 Pa. 352. The bank received plaintiff's money for deposit, which it was under contract to return when called for. In honoring the forged check it used its own money, not the depositor's, Grubnau's. The insurance company indemnified the legal plaintiff against misconduct of its agents. Grubnau's legal status was not that of the holder of a claim against two indemnitors, where payment of damages by the one may be offset in a suit against the other. It was a claim against, first, an insurer; second, a company refusing to pay money in violation of the terms of its

contract. The remedies cannot surely be considered in the same right. The insurance was not in ease of the bank's mistake. It would be a novel proposition to hold that an insurance contract could reach out to indemnify a stranger, in no way a party to the insurance, whose wrongful act caused the insurance company to pay loss to the insured which would not have occurred but for the wrongful act. Such protection would be given without cost or contractual relation, merely because the person wronged chooses to collect from the insurance company first, rather than the bank which afterwards disputed the claim on this and other grounds connected with the forged check.

As to Grubnau's deposit, the wrongdoer was the bank in placing and maintaining a forged check as a credit against Grubnau's account. Whatever may have been the legal relations between the insurance company and Grubnau, they did not affect the debt owed by the bank to its depositor. The use-plaintiff, the insurance company, is now suing on an assignment of that debt or right in the legal plaintiff to collect from the bank its deposit. While ordinarily a double recovery for the same loss should not be permitted (and here it is not), the claim under which such rule is enforced must be in the same right,—so interrelated that a recovery from the one affects a hardship on the other which would not occur except for the recovery. No hardship was occasioned the bank by the insurance company paying. It has in its possession $4,000 of Grubnau's money; it ought not to be a hardship to give it back.

It is urged, the charge of forgery involved the assertion of an inconsistent remedy. But a criminal action such as that cannot be so held in a civil action where, for the purpose of recovering money, or as relating to the claim against the bank, a suit similar to the one under consideration is brought. Nor would a demand on the insurance company, based on the charge of embezzlement, have that effect; neither, in law, would estop plaintiff

from asserting his right under contract with the bank. Until the present one was entered, no suit had been brought testing that right.

As to the negotiation for settlement of the claim between Grubnau and the insurance company, and regardless of how they may have viewed the forgery or the money procured from the banks, it is sufficient, in final settlement, that the insurance company took a straight assignment of the legal plaintiff's claim against the bank. The parties, by so doing, regarded the money obtained through the forged instrument as the property of the bank. They thus repudiated ratification of the forgery and its adoption by the legal plaintiff, if such thing were possible, and nothing in their conduct precluded this action.

Indeed, so far as the bank is concerned, we do not understand how it would be in a position to hinder Grubnau from following both remedies, regardless of supposed inconsistency of demand; nor are we sure the policy does not cover the precise misconduct here practiced. Had the insurance company permitted plaintiff to use both remedies, assuredly the bank could not have complained. If the insurance company had presented the money to Grubnau as a gift because of Healey's act, the bank could not have taken advantage of it. If there was an election to be made, the insurance company was to make it. Instead of sending the parties to court to establish loss, it took over what might have been a debatable claim through purchase and assignment. The rights are not inconsistent, in that they are of the same quality or cover the same subject-matter. A mere statement of the facts shows this: National Union Fire Insurance Co. v. Mellon National Bank, 276 Pa. 212. What has been stated disposes of the question of mitigation of damages.

Nor is it a case of subrogation, wherein the equities of the bank may be said to exceed those of the insurer. Any person could have purchased the depositor's right against

the bank, and there was no reason why the insurance company should not do so. The court below was clearly right in directing judgment to be entered for appellee.

The judgment is affirmed.