# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, AS SUBROGEE OF GEORGE LAWRENCE, | : No. 19 WAP 2014 <br> : <br> : Appeal from the Order of the Superior <br> : Court entered September 27, 2013 at No. |
| Appellant | : 1052 WDA 2012, affirming the Order of the <br> : Court of Common Pleas of Elk County, <br> : entered May 22, 2012 at No. C.P. |
| v. | : 2011-485. <br> : <br> : ARGUED:  October 8, 2014 |
| DOMTAR PAPER CO., | : <br> : |
| Appellee | : <br> : <br> : |
| v. | : <br> : <br> : |
| COMMERCIAL NET LEASE REALTY SERVICES, INC., AND COMMERCIAL NET LEASE REALTY TRUST, AND COMMERCIAL NET LEASE REALTY, INC., AND NATIONAL RETAIL PROPERTIES, INC., AND NATIONAL RETAIL PROPERTIES TRUST, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Appellees | : |

**OPINION**

**MR. JUSTICE BAER**          **DECIDED:  APRIL 27, 2015**

We granted allowance of appeal to determine whether Section 319 of the Pennsylvania Workers' Compensation Act ("WCA"), 77 P.S. § 671, confers on employers or their workers' compensation insurers a right to pursue a subrogation claim directly

against a third-party tortfeasor when the compensated employee who was injured has taken no action against the tortfeasor.  Based on established precedent, the Superior Court held that Section 319 does not permit employers/insurers to commence an action directly against the third-party tortfeasor, and affirmed the trial court's grant of preliminary objections in favor of the tortfeasors.  For the reasons set forth herein, we affirm.

The record establishes that on December 13, 2009, George Lawrence ("Lawrence"), while in the employment of Schneider National Inc. ("Schneider"), suffered a work-related injury when he slipped and fell in a parking lot leased by Domtar Paper Company, and allegedly owned and maintained by Commercial Net Lease Realty Services, Inc., Commercial Net Lease Realty Trust, Commercial Net Lease Realty, Inc., National Retail Properties, Inc., and National Retail Properties Trust (collectively "Appellees").  As a result of this injury, Schneider's workers' compensation carrier, Liberty Mutual Insurance Company ("Liberty Mutual"), paid Lawrence $33,929.23 in workers' compensation benefits.

Designating itself the subrogee of Lawrence in the caption "Liberty Mutual Insurance Company, As Subrogee of George Lawrence," Liberty Mutual filed a praecipe for writ of summons against Appellees on December 9, 2011, seeking to recover the amount it paid Lawrence in workers' compensation benefits.  Notably, Lawrence did not file suit or pursue settlement with Appellees; nor did he either assign his cause of action to Liberty Mutual or join in Liberty Mutual's suit against Appellees.

In its subsequent complaint, Liberty Mutual alleged that Lawrence's work-related injuries were caused by Appellees' negligent ownership and maintenance of the parking lot in which Lawrence slipped and fell.  Liberty Mutual contended it was entitled to recover from Appellees by virtue of Section 319 of the Workers' Compensation Act, 77

P.S. § 671, which provides that where a compensable injury is caused by a third-party tortfeasor, the employer shall be subrogated to the right of the employee against the third-party tortfeasor to the extent of compensation benefits paid under the WCA.[1] Appellees filed preliminary objections in the nature of a demurrer to the complaint, contending that in the absence of an injured employee electing to file a suit in his own right, a workers' compensation carrier has no independent ability to bring a subrogation claim directly against a third-party tortfeasor.[2]

The trial court granted Appellees' preliminary objections. Based on the Superior Court's decision in Reliance Insurance Company v. Richmond Machine Company, 455 A.2d 686 (Pa. Super. 1983), the trial court explained that only the injured employee has the right of action against a third-party tortfeasor and not the employer/insurer.

---

[1] Section 319 states, in its entirety, as follows:

> Where the compensable injury is caused in whole or in part by the act or omission of a third-party, the employer shall be subrogated to the right of the employe[e], his personal representative, his estate or his dependents, against such third-party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe[e], his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe[e], his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

77 P.S. § 671.

[2] Only National Retail Properties, Inc. and National Retail Properties Trust defended the claims filed by Liberty Mutual. For the remainder of this discussion, all references to Appellees will pertain to these two parties and the arguments they present.

Emphasizing that the cause of action against the third-party tortfeasor exists for one indivisible wrong, the trial court held that the employer's/insurer's right of subrogation under Section 319 of the WCA must be achieved through an action brought in the name of or joined by the injured employee. Trial Court Opinion at 2 (citing Moltz v. Sherwood Bros., Inc., *et al.*, 176 A. 842, 843 (Pa. Super. 1935) (holding that the right of the employer/insurer to subrogation against a tortfeasor must be achieved through a single action brought in the name of the injured employee, either by joining the employer or insurance carrier as a party plaintiff or as a use plaintiff); Scalise v. FM Venzie & Co., *et al.*, 152 A. 90 (Pa. 1930) (holding that Section 319's mandate that the employer is "subrogated . . . to the extent of compensation payable" does not mean that the sole right to recover from the tortfeasor is in the employer; rather, the right of action against the tortfeasor remains in the injured employee and suit is to be commenced in his name).

In the case at bar, the trial court found that Lawrence had not sued Appellees, did not assign his cause of action against Appellees to Liberty Mutual, and was not joined or named in Liberty Mutual's suit. Instead, Liberty Mutual merely identified its status as subrogee of Lawrence in its independent action against Appellees. Accordingly, pursuant to the aforementioned cases, the trial court concluded that Liberty Mutual had no right to sue Appellees independently for Lawrence's alleged damages.

Liberty Mutual filed a timely appeal to the Superior Court, asserting, *inter alia*, that Section 319 the WCA provided an absolute right to subrogation for benefits paid to Lawrence, and that it should not be denied that right because Lawrence declined to bring an action against Appellees. Apparently overlooking that the instant action was not brought in Lawrence's name, Liberty Mutual relied on language in Scalise, supra, where this Court stated that the employer "is not to be denied his right of suit because the

employee does not sue, but may institute the action in the latter's name." Scalise, 152 A. at 92.

On September 27, 2013, the Superior Court affirmed the trial court's order granting preliminary objections. Liberty Mut. Ins. Co. v. Domtar Paper Co., 77 A.3d 1282 (Pa. Super. 2013). It rejected Liberty Mutual's contention that Section 319 of the WCA, along with the above-referenced language from Scalise, conferred upon it a right to pursue separately its subrogation claims against Appellees when Lawrence, as claimant, took no action of his own. The Superior Court deemed Liberty Mutual's reliance on Scalise to be misplaced because Scalise did not hold that Section 319 provides insurers the right to sue third-party tortfeasors independently. The court viewed the language stating that an employer "is not to be denied his right of suit because the employee does not sue" as ambiguous and inconsequential to the central holding of the case, wherein this Court affirmed the right of an injured employee to bring suit against a third-party tortfeasor, notwithstanding the subrogation rights conferred on the employer/insurer by Section 319 of the WCA. Liberty Mut., 77 A.3d at 1287 (quoting Scalise, 152 A. at 92).

Relying on cases decided after Scalise, particularly Moltz and Reliance, the Superior Court explained that Pennsylvania courts strongly disfavor splitting causes of action between subrogors and subrogees and have held that such is not permissible in the context of a workers' compensation claim. See Moltz, 176 A. at 843; Reliance, 455 A.2d at 689-90. Accordingly, the Superior Court agreed with the trial court that an employer's right of subrogation conferred by Section 319 must be asserted through an action brought in the name of the injured employee either as a party plaintiff or use plaintiff. The Superior Court summarized its position as follows: "[S]ection 319 does not provide employers with the ability to bring suit **directly** against a third-party," but instead

"**[t]he action against the third party tortfeasor must be brought by the injured employee**…*i.e.* the employee-victim must sue, and the employer's carrier is subrogated to the employee's claim." Liberty Mut., 77 A.3d at 1288-89 (quoting Whirley Indus., Inc. v. Segel, 462 A.2d 800, 802 (Pa. Super. 1983)) (emphasis in original).

As noted, we granted allocatur to address whether Section 319 of the WCA confers on employers or their workers' compensation insurers a right to pursue a subrogation claim directly against a third-party tortfeasor when the compensated employee who was injured has taken no action against the tortfeasor. This inquiry presents a pure question of law, over which our standard of review is de novo and our scope of review is plenary. See Dep't of Labor & Indus. v. Workers' Compensation Appeal Board, 23 A.3d 511, 514 (Pa. 2011). Given that the underlying decision dismissed the case on preliminary objections, we further observe that "the standard of review for preliminary objections in the nature of a demurrer is limited; the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 274 (Pa. 2005).

Liberty Mutual argues that the unmistakable language of Section 319 of the WCA requires that the employer/insurer be subrogated to the rights of the injured employee, thereby affording it the right to sue the third-party tortfeasor directly. Otherwise, it contends, the plain meaning of "subrogation" is changed to signify only reimbursement. Such interpretation, Liberty Mutual submits, is contrary to this Court's description in Frazier v. Workers' Compensation Appeal Board (Bayada Nurses, Inc.), 52 A.3d 241 (Pa. 2012), that subrogation in the context of Section 319 means "[stepping] into the shoes of the claimant to recover directly against a third-party tortfeasor." Id. at 248. It maintains

that it was acting within this paradigm (*i.e.*, in the shoes of Lawrence), when it filed the suit as subrogee, and did not seek to file an "independent" action against Appellees beyond its subrogation interest.

Failing to discern any distinction between commencing an action as a subrogee of an injured employee and naming or joining the injured employee in the action, Liberty Mutual reiterates the argument rejected below that this Court in <u>Scalise</u> sanctioned employer's/insurer's direct suits against third-party tortfeasors by stating that "[t]he employer is not to be denied his right of suit because the employee does not sue, but may institute the action in the latter's name."  <u>Id.</u> at 92.

Additionally, Liberty Mutual posits, the Superior Court erred by interpreting that court's decision in <u>Reliance</u> as precluding an employer/insurer from commencing an action directly against a third-party tortfeasor when the injured employee has not filed suit.  To the contrary, it asserts, <u>Reliance</u> only stands for the proposition that an employer/insurer, subrogated to the rights of the employee, cannot commence an action against a third-party tortfeasor when the applicable statute of limitations has expired on the employee's underlying claim.  Thus, in Liberty Mutual's view, <u>Reliance</u> is not germane to the question presented herein.

Liberty Mutual further maintains that the Superior Court's decision frustrates two of the three purposes behind Section 319 of the WCA, namely, to ensure that an employer does not pay for the negligence of a third-party tortfeasor, and to prevent a third-party tortfeasor from escaping liability for his wrongful act.  See <u>Gillett v. Wurst</u>, 937

A.2d 430, 436 (Pa. 2007).[3] It observes that the Superior Court's ruling allows Appellees to escape liability for their negligence, and forces Liberty Mutual to compensate Lawrence for his losses in direct contravention of the stated purposes of Section 319.

Appellees respond that the Superior Court interpreted the relevant appellate case law correctly when it held that Section 319 does not permit employers/insurers to sue a third-party tortfeasor directly where the injured employee declined to sue in his own right or has not otherwise recovered from the tortfeasor. They contend that the Superior Court's decision is consistent with Scalise, citing this Court's observation that "[t]he right of action remains in the injured employee." Scalise, 152 A. at 92. Moreover, Appellees argue that the language in Scalise suggesting that an "employer . . . is not to be denied his right of suit because the employee does not sue," which this Court later quoted in Frazier, is *dictum* in both cases. They point out that, unlike the instant case, the claimants in Scalise and Frazier filed an action against the tortfeasor, and the issue was not whether the employer/insurer could sue the tortfeasor independently. Appellee's conclude that the *dictum* in Scalise and Frazier does not justify the dramatic expansion of an employer's subrogation rights conferred by Section 319.

Appellees further contend that the Superior Court's decision is consistent with post-Scalise Superior Court case law clarifying that an employer seeking subrogation must first show that the injured employee has made recovery against a third party by way of verdict, award, or settlement. In particular, Appellees cite the Superior Court's

---

[3] In addition to preventing third parties from escaping liability for their negligence and ensuring that the employer, presumably innocent of negligence, in the end pays nothing, Section 319 further serves the purpose of preventing the claimant-employee from obtaining double recovery for the same injury. Gillett, 937 A.2d at 436; Dale Mfg. Co. v. Bressi, 421 A.2d 653, 654 (Pa. 1980). There is no double recovery here as Lawrence never sought recovery from Appellees.

subsequent decision in Moltz, which held that the "right of action [in the context of workers' compensation subrogation] is for one indivisible wrong" which "abides in the insured," and, accordingly, "[t]he employer's right of subrogation must be worked out through an action brought in the name of the injured employee, either by joining the employer as a party plaintiff . . . or as a use plaintiff." Moltz, 176 A. at 843.

Next, as did the courts below, Appellees rely on Reliance, where the Superior Court held that for an employer/insurer to enforce its subrogation rights, it must proceed in an action brought on behalf of the injured employee within the statute of limitations applicable to his claim, and may only recover by way of verdict, award, or settlement to the injured employee. Reliance, 455 A.2d at 690. To further support their position, Appellees cite language from Whirley, where the Superior Court, elaborating on its holding in Reliance, stated: "[t]he action against a third-party tortfeasor must be brought by the injured employee . . . i.e. the employee-victim must sue, and the employer's carrier is subrogated to the employee's claim." Whirley, 462 A.2d at 802.

Appellees contend that Liberty Mutual has failed to cite a single Pennsylvania appellate decision, which permits an employer or its compensation insurer to proceed directly against a third-party tortfeasor when the injured employee who received workers' compensation benefits did not first sue in his own right. Appellees observe that in Scalise and Frazier, the employer/compensation insurer did not pursue subrogation under Section 319 until after the injured employee either filed suit or reached a settlement with the alleged tortfeasor.

Appellees also argue that Section 303(b) of the WCA, codified at 77 P.S. § 481(b) and entitled "Exclusiveness of remedy; actions by and against a third-party…", lends support to their argument that employers/insurers are precluded from pursuing

subrogation under Section 319 when the injured employee chooses not to seek recovery from the third-party tortfeasor. Section 303(b) reads in relevant part:

> In the event injury or death to an employee is caused by a third party, then such employe[e], his legal representative, husband or wife, parents, dependents, next of kin and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party….

77 P.S. § 481(b). Appellees contend that Section 303(b) clearly places the right to bring a third-party suit in the injured employee and not the employer/insurer. If the legislature had intended to grant employers/insurers the right to sue the third-party tortfeasor directly when the injured employee refused to do so, Appellees assert that it would have specifically provided for that right under Section 303(b).

Finally, Appellees observe that, in contrast to Pennsylvania's WCA, various workers' compensation statutes from other states delineate a right for employers/insurers to sue the third-party tortfeasor directly when the injured employee has not filed suit. See N.Y. Workers' Comp. Law § 29 (McKinney); N.J. Stat. Ann. § 34:15-40; 19 Del. Code Ann. § 2363; Mich. Comp. Laws Ann. § 418.827. Appellees note that these workers' compensation statutes protect the interests of injured employees by requiring the employer/insurer to wait a specified period of time from the date the statute of limitations begins to run before asserting its subrogation rights, and by further requiring the employer/insurer to give the injured employee notice before it commences a suit against the third-party tortfeasor. Appellees argue that in the absence of a statutory scheme similar to the workers' compensation statutes of New York, New Jersey, Delaware, and Michigan, the rights of injured employees will be harmed if an employer/insurer is permitted to proceed directly against a third-party tortfeasor without the consent or cooperation of the injured employee. Accordingly, Appellees would have this Court

affirm the Superior Court's holding and leave workers' compensation reform to the General Assembly.[4]

We begin our analysis, as we must, with the language of Section 319, which states that when an employee is injured by the tortious conduct of a third party, the employer who has issued compensation benefits "shall be subrogated to the right of the employe[e] . . . against such third-party." 77 P.S. § 761. In construing this provision, we are guided by case law interpreting Section 319. Because the parties are focused on our 1930 decision in Scalise, we examine that case first.

In Scalise, a claimant's widow collected workers' compensation death benefits, and later commenced a negligence action against the third-party tortfeasor. The third-party tortfeasor demurred, raising the inverse of the argument raised by the torfeasors herein, *i.e.*, that because Section 319 subrogates the employer to the extent of compensation payable, only the employer has the right to sue the tortfeasor in subrogation, leaving the injured employee no cause of action against the tortfeasor.

This Court rejected the tortfeasor's contention, holding that "[t]he right of action remains in the injured employee; suit is to be brought in his name . . . ." Scalise, 152 A. at 92. The Court further commented that to recover monies to which it is subrogated by Section 319, "the employer may appear as an additional party plaintiff; . . . or, as useplaintiff, [or] may intervene for the purpose of [its] protection. Id. The Court went on to say, as relied upon by Liberty Mutual, that "[t]he employer is not to be denied his right of suit because the employee does not sue, but may institute the action in the latter's name." Id.

---

[4] The Pennsylvania Association for Justice filed an *amicus curiae* brief on behalf of Appellees, echoing many of the same arguments raised by Appellees.

This language in <u>Scalise</u> was recently cited by the Court in <u>Frazier</u>, <u>supra</u>. In <u>Frazier</u>, an employer filed a workers' compensation claim petition against an employee who had sustained a work injury, collected workers' compensation benefits, and obtained a judgment against the third-party tortfeasor, namely the Southeastern Pennsylvania Transportation Authority (SEPTA). In its claim petition, the employer sought to recover from the employee its subrogation interest in the judgment that the injured employee obtained from SEPTA. While the Court ultimately held the employer's claim for reimbursement of compensation benefits was barred by sovereign immunity, we stated, in *dicta*, that the employer's right to subrogation permits it to "step into the shoes of the claimant to recover directly against a third-party." <u>Id.</u>, 52 A.3d at 248. We further reiterated the following language employed in <u>Scalise</u>:

> [N]ormally in subrogation, the right of action lies in the injured employee, and the action for subrogation against the third-party tortfeasor is brought in the employee's name. Nonetheless, an "employer . . . is not to be denied his right of suit [in subrogation] because the employee does not sue [the third-party tortfeasor], but may institute the action in the latter's name."

<u>Frazier</u>, at 248 n.10 (quoting <u>Scalise</u>, 152 A. at 92) (alterations in original).

Contrary to Liberty Mutual's contentions, however, this jurisprudence does not establish that Section 319 confers on an employer/insurer the statutory right to bring suit directly against a third-party tortfeasor to recover workers' compensation paid where the injured employee has not sought recovery from the tortfeasor. It is critical to note that in both <u>Scalise</u> and <u>Frazier</u> the injured employee (or his widow) filed suit against the third-party tortfeasor. Thus, the Court was not faced with the present issue of whether the employer/insurer can sue the tortfeasor directly when the injured employee has not. Rather, our decisions in <u>Scalise</u> and <u>Frazier</u> reaffirm that the right to sue a third-party tortfeasor lies in the injured employee and suggest, in *dicta*, that the employer/insurer

could seek to enforce its subrogation right by filing an action against the tortfeasor in the name of the injured employee. Even if this language is an accurate statement of the law, in this case, Liberty Mutual did not file the action against Appellees in the name of Lawrence, as required, but rather sued Appellees in its own right, simply noting its status as a subrogee.

As noted cogently by Appellees, it is the Superior Court's decisions, rather than this Court's pronouncements in Scalise or Frazier, that have spoken to the issue raised herein, and have consistently held that an employer/insurer has no independent right to sue a tortfeasor in the absence of the injured employee. An early case that involved a similar issue is the 1935 Superior Court decision in Moltz, supra. There, an employee was injured in a car accident during the course of his employment due to a third-party tortfeasor's negligence and received workers' compensation benefits from his employer's workers' compensation insurance carrier. The employee thereafter sued the tortfeasor, recovering a substantial judgment. The insurance carrier was not named in the injured employee's suit against the tortfeasor, although it did provide the tortfeasor with notice of its subrogation interests.

Because the insurance carrier was never reimbursed for the amount of compensation it paid to the injured employee, it filed an action directly against the tortfeasor in an effort to enforce its rights as subrogee. The trial court found in favor of the insurance carrier, and the Superior Court reversed on the ground that the insurance carrier had no independent right to sue the tortfeasor. It held that only one action could be brought against a third-party tortfeasor for damages arising from the tort, and that the employer's right of subrogation "must be worked out through an action brought in the name of the injured employee, either by joining the employer as a party plaintiff or as a use plaintiff." Moltz, 176 A. at 843 (internal citations omitted). The court emphasized that the tortfeasor's wrongful act is single and indivisible and can only give rise to one

liability. Id. Finally, the Superior Court noted that the mere giving of notice to the tortfeasor did not relieve the employer or insurance carrier from acting with reasonable diligence to protect its claim, nor did the notice allow for a second cause of action for which the injured employee had already recovered a judgment. Id.

In 1983, the Superior Court expressed the same sentiment in Reliance, supra. In that case, an employee collected workers' compensation benefits after he was injured during the course of his employment due to defective machine parts that were manufactured and supplied negligently by the alleged third-party tortfeasors. The injured employee did not take action against the tortfeasor in his own right. More than two years after both the injury and the payment of benefits, the workers' compensation insurer sued the tortfeasors. The insurer contended that the tortfeasor's negligence caused the employee's injuries, and, therefore, sought indemnification/contribution for the benefits it paid to the employee.

The tortfeasor filed preliminary objections, which the trial court sustained in part. Significantly, the trial court certified for interlocutory appeal the issues of whether Section 319 of the WCA is the exclusive means by which an employer/insurer may recover the amount paid in workers' compensation benefits; whether the employer/insurer has a common law right of action for indemnity/contribution against the third-party tortfeasor; and, whether the two-year statute of limitations on personal injury actions applies to an employer's/insurer's action for contribution or indemnity.

The Superior Court held that the statutory remedy in Section 319 of the WCA provided the exclusive means for an employer or its insurer to recover amounts it paid in workers' compensation benefits to an injured employee, and that there was no common law right of action for indemnity/contribution against the third-party tortfeasor. Reliance, 455 A.2d at 688, 690. Citing Scalise and Moltz, the court explained that the injured employee holds the right of action against the tortfeasor, and that the legislature, in

enacting Section 319, has seen fit to permit an employer or insurer to recover in subrogation when a third party's negligence has resulted in the payment of workers' compensation benefits, and where the injured employee has recovered compensation from the third party. Id. at 689. The court emphasized the indivisibility of the cause of action against the tortfeasor, and that the employer's/insurer's right to subrogation must be achieved "through an action brought in the name of the injured employee, either by joining the employer as a party plaintiff . . ., or as a use plaintiff . . . ." Reliance, at 689 (quoting Moltz, 176 A. at 843) (citations omitted).

Applying such law to the facts presented, the Reliance court held that the employer/insurer did not establish that the party from whom it sought reimbursement (i.e., the tortfeasors) was, in fact, liable for the injured employee's injury. Id. at 690. It stated that "[o]ur appellate courts have not hitherto construed [S]ection 319 as providing the employer or its insurer with a cause of action against a third party in its own right." Id. The court found no reason to interpret Section 319 any differently where the liability of the alleged third-party tortfeasor has not been determined, and where the statute of limitations for personal injury actions, which applied to the employee's cause of action against the tortfeasor, has barred the action. Id.

Finally, in Whirley, supra, the Superior Court again confirmed that any action against a third-party tortfeasor must be brought by the injured employee as the workers' compensation insurance carrier has no independent cause of action against the tortfeasor under Section 319. There, an employee was injured by a tortfeasor and received both workers' compensation benefits and full satisfaction of all claims against the tortfeasor. As a result of the workers' compensation paid to employee, the workers' compensation insurance carrier increased the premiums charged to the employer by $22,451. Employer subsequently filed an action in trespass directly against the tortfeasor, not to recover the amount paid to the injured employee in workers'

compensation benefits, but rather to recover the amount of increase in insurance premiums that it contended was attributable to the tortfeasor's negligence in causing the employee's injuries.[5] The trial court sustained the tortfeasor's demurrer, and the Superior Court affirmed.

Relevant herein, the Superior Court acknowledged that "[t]he action against the third party tortfeasor must be brought by the injured employee." Id. at 802. Based upon the Superior Court's decision in Reliance, the court pointed out that an employer's insurance carrier had no independent cause of action for indemnification/contribution from the negligent party who caused the insurance carrier to pay the injured employee benefits. Id. It echoed that the subrogation rights afforded by Section 319 are the exclusive remedy against third-party tortfeasors and that the injured employee must sue the tortfeasor and then the employer's insurer is subrogated to the employee's claim.[6]

Liberty Mutual offers no persuasive reason why this Court should stray from the Superior Court's precedent in Moltz, Reliance, and Whirley, which is consistent with this Court's ruling in Scalise that the right of action against the tortfeasor is indivisible and remains in the employee who suffered the entire loss in the first instance. We emphasize that in Pennsylvania, courts disfavor splitting causes of action, and have frequently remained true to this maxim in the context of workers' compensation subrogation. See City of Philadelphia v. Philadelphia Rapid Transit Co., 10 A.2d 434,

---

[5] The court noted that at the time of the appeal, case law interpreting provisions of the Pennsylvania Motor Vehicle No Fault Act, 40 Pa.C.S. § 1009.101 *et seq*, excluded employers of victims of motor vehicle accidents from subrogation rights afforded by Section 319 of the WCA. Whirley, 462 A.2d at 802-03.

[6] The Superior Court went on to hold that the tortfeasor's demurrer was correctly sustained because an increase in an employer's premiums following an automobile accident was not reasonably foreseeable by a driver; the premium increases resulted from a concurrence of circumstances; and the economic harm was too remote from the cause in fact to be attributable to the driver. Id. at 804.

435 (Pa. 1940) (citing the rule against splitting causes of action, this Court held that the city of Philadelphia, as a partially subrogated employer, could not enforce its subrogation rights against a third-party tortfeasor in a separate suit when the injured employees already instituted trespass actions against the third-party tortfeasor and recovered favorable verdicts); Spinelli v. Maxwell, 243 A.2d 425, 427-28 (Pa. 1968) (again citing the rule against splitting causes of action, this Court held that a subrogor-employee, who executed a subrogation receipt authorizing his subrogee-employer to pursue recovery from a third-party tortfeasor on his behalf, was precluded from instituting a later trespass action against the third-party tortfeasor for personal injuries suffered in the same accident). Preventing the employer/insurer from asserting an independent cause of action against the tortfeasor eliminates the possibility that the third-party tortfeasor could be exposed to multiple suits filed by both the employer and the injured employee, and will preserve the preferred rights of the injured employee who retains a beneficial interest in the cause of action against the tortfeasor.

Accordingly, we reaffirm that the right of action against a third-party tortfeasor under Section 319 of the WCA remains in the injured employee, and that the employer/insurer's right of subrogation under Section 319 must be achieved through a single action brought in the name of the injured employee or joined by the injured employee. Because Lawrence did not commence an action against Appellees, was not named in the action filed by Liberty Mutual, and did not join the action filed by Liberty Mutual, the Superior Court properly affirmed the grant of Appellees' preliminary objections. [7]

---

[7] Alternatively, Liberty Mutual argues that the rules of civil procedure should be liberally construed so as to treat the caption listing itself as the subrogee of Lawrence as the functional equivalent of "George Lawrence For the Use of Liberty Mutual Insurance Company." See Pa.R.C.P. 126 (stating the rules of civil procedure "shall be liberally construed," and that the court at any point "may disregard any error or defect of procedure (continued…)

Accordingly, we affirm the order of the Superior Court.

Former Chief Justice Castille and former Justice McCaffery did not participate in the decision of this case.

Messrs. Justice Eakin and Stevens join the opinion.

Mr. Chief Justice Saylor files a dissenting opinion.

Madame Justice Todd files a dissenting opinion.

---

(…continued)

which does not affect the substantial rights of the parties"). It maintains that there is no substantive difference between a case captioned "for the use of" and one captioned "as subrogee of" and any technical defect in its pleading should not preclude it from proceeding in its action against Appellees.

The National Association of Subrogation Professionals ("NASP") filed an *amicus curiae* brief on behalf of Liberty Mutual, wherein it asserts that confusion has developed regarding the proper manner to bring a "for use" proceeding in Pennsylvania within the context of workers' compensation subrogation claims. Acknowledging that use-practice is a style of action employed infrequently in Pennsylvania, NASP requests that this Court enter a specific finding regarding the most appropriate language to be employed in the caption of a subrogation action brought by the employer on behalf of and in the name of the injured employee. The Pennsylvania Self-Insured Association also filed an *amicus curiae* brief on behalf of Liberty Mutual, raising similar arguments.

We decline amici's invitation to clarify the appropriate practice method for pursuing a "use" action as such question is outside the confines of this appeal. The factual predicate of the case before us did not involve "for use" language and the grant of allocatur does not encompass such issue. Moreover, through this opinion, we do not address or alter any prior practice regarding an employer/insurer suing the third-party tortfeasor through the device of a "use plaintiff" or joining the injured employee in its action against the tortfeasor.