J-S01012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE AS SUBROGEE ON BEHALF OF NATHAN MIHALCIK, AS PLAINTIFF, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| SAC, INC., | : : | |
| Appellee | : | No. 483 WDA 2014 |

Appeal from the Order entered on February 19, 2014
in the Court of Common Pleas of Bedford County,
Civil Division, No. 712-2009

BEFORE: GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 19, 2015**

Liberty Mutual Insurance ("Liberty Mutual"), as subrogee on behalf of

Nathan Mihalcik ("Mihalcik"), appeals from the Order granting SAC, Inc.'s

("SAC") Renewed Motion for Reconsideration of Motion for Summary

Judgment, and dismissing Liberty Mutual's Complaint with prejudice. We

affirm.

Liberty Mutual paid approximately $60,000 in worker's compensation

benefits to Mihalcik, who, during the course of his employment for Schneider

National, was injured in 2007 at a convenience store owned by SAC Inc.

("SAC"). Neither Mihalcik nor Schneider National filed a cause of action

against SAC. On July 3, 2009, Liberty Mutual, asserting its capacity "as

subrogee on behalf of [] Mihalcik," filed a Complaint against SAC, asserting

that the cause of Mihalcik's injuries was a dangerous condition that SAC negligently permitted to exist on its property.[1] Liberty Mutual did not name Mihalcik as a party to this action, and Mihalcik has not joined in this action. SAC filed preliminary objections, including objections to Liberty Mutual's standing to bring suit against SAC, which were denied by the trial court. Thereafter, SAC filed a Motion for Summary Judgment based on Liberty Mutual's lack of standing, which was denied by the trial court. SAC filed a Motion for Reconsideration, which the trial court denied. SAC thereafter filed a Renewed Motion for Reconsideration. On November 19, 2013, the trial court granted SAC's Renewed Motion for Reconsideration, and dismissed Liberty Mutual's Complaint, with prejudice, on the basis that Liberty Mutual lacked standing to bring an action against SAC. Liberty Mutual filed a timely Notice of Appeal, and a court-ordered Concise Statement of Errors Complained of on Appeal.

On appeal, Liberty Mutual raises the following issue for our review: "[Whether] section 319 of the Pennsylvania Workers' Compensation Act [hereinafter "PWCA"], 77 P.S. § 671[,] allow[s] the employer/insurer to step into the shoes of the insured employee to subrogate against the tortfeasor?" Brief for Appellant at 6 (capitalization omitted).

> Under our standard of review of an order granting or
> denying a motion for summary judgment, we view the record in
> the light most favorable to the non-moving party, and all doubts

_____

[1] Although the Complaint is date-stamped August 3, 2009, the court docket indicates that it was filed on July 3, 2009.

as to the existence of a genuine issue of material fact must be resolved against the moving party. Summary judgment is properly entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Our scope of review is plenary, and our review of a question of law, as presented here, is *de novo*.

***Barnett v. SKF, USA, Inc.***, 38 A.3d 770, 776 n.6 (Pa. 2012) (internal citations omitted).

Liberty Mutual contends that the question of whether a workers' compensation insurer can be subrogated to the rights of the employee is controlled by section 319 of the PWCA, 77 P.S. § 671 (hereinafter "section

319").[2]  Brief for Appellant at 12.  Liberty Mutual points out section 319's provision that an *employer* "shall" have subrogation rights against the third party tortfeasor, and discusses, at great length, an *employer's* subrogation rights against a third party under section 319.  *Id*. at 13-20, 22-24, 27-28.  Nevertheless, Liberty Mutual claims, in conclusory fashion, that section 319

---

[2] Section 319 provides as follows:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employee, his personal representative, his estate or his dependents.  The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement.  Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

Where an employee has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

77 P.S. § 671.

was written to protect an insurer's right to subrogate workers' compensation benefit payments, and "mandates a workers' compensation carrier's right to subrogate in the shoes of the insured employee." *Id*. at 14-15, 18, 32. Liberty Mutual contends that the trial court erred by construing the word "subrogated," as used in section 319, to mean that that the workers' compensation insurer may be "reimbursed if and only if the [injured employee] sues [the third party tortfeasor] directly." *Id*. at 14.

Liberty Mutual contends that the trial court's interpretation of section 319 conflicts with the precedent established by the Pennsylvania Supreme Court in *Frazier v. Workers' Compensation Appeal Board (Bayada Nurses, Inc.)*, 52 A.3d 241, 248 (Pa. 2012), which, Liberty Mutual asserts, recognizes an employer's right to subrogation. Brief for Appellant at 19, 22-23. Liberty Mutual also claims that, in denying standing to Liberty Mutual, the trial court misapplied the *dicta* in *Reliance Ins. Co. v. Richmond Machine Co.*, 455 A.2d 686 (Pa. Super. 1983), because it "did not file an action in its own right, but as subrogee of [] Mihalcik, the injured worker." Brief for Appellant at 20, 23. Liberty Mutual also contends that the trial court erred by relying on *Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282 (Pa. Super. 2013). Brief for Appellant at 22.

Liberty Mutual asserts that the trial court's determination permits SAC to escape liability for its negligence, and has caused Liberty Mutual to pay Mihalcik's hospital bills and other workers' compensation benefits, in

contravention of the purpose of subrogation. *Id*. at 25. Liberty Mutual contends that, even if the injured employee elects not to file a lawsuit against the third party tortfeasor, the insurer should not be denied its right to recover against the tortfeasor the amounts that the insurer paid to the employee in compensation benefits. *Id*. at 25-26.

Liberty Mutual contends that the trial court's concern regarding splitting a cause of action is contrary to the absolute right of subrogation provided by section 319, contrary to the legislative intent regarding workers' compensation subrogation, and will result in higher premiums for employers and a loss of jobs. *Id*. at 28, 30. Liberty Mutual claims that, unless reversed, the trial court's Order will create a significant negative impact on the Pennsylvania economy by causing an increase in workers' compensation premiums and a potential loss of jobs. *Id*. Finally, Liberty Mutual contends that the trial court's ruling prejudices workers' compensation insurers because other insurers, who underwrite home, auto and other risks, are entitled to subrogate their entire book of business. *Id*. at 31.

The trial court addressed Liberty Mutual's claim, set forth the relevant law, and concluded that Liberty Mutual's claim lacks merit. *See* Trial Court Opinion, 2/19/14, 2-4; *see also Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 113 A.3d 1230, 1240 (Pa. 2015) (holding that Liberty Mutual could not assert an independent cause of action against the tortfeasor, either in its own name or as subrogee of the insured/employee, when the

insured/employee had not commenced an action against the tortfeasor, and had not been named in or joined in the action brought by Liberty Mutual). We agree with the sound reasoning of the trial court, and affirm on the basis of the rationale set forth in its Opinion. *See* Trial Court Opinion, 2/19/14, 2-4.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2015



IN THE COURT OF COMMON PLEAS
OF BEDFORD COUNTY, PENNSYLVANIA

LIBERTY MUTUAL INSURANCE, AS
SUBROGEE ON BEHALF OF NATHAN
MIHALCIK,
    PLAINTIFF
       V.
SAC, INC.,
    DEFENDANT

NO: 712 FOR 2009

CIVIL DIVISION

## MEMORANDUM OPINION

### I. SUMMARY OF CASE

The matters before the Court are Defendant's *Renewed Motion for Reconsideration of Motion for Summary Judgment* and several other *Motions in Limine* filed prior to trial. The instant matter is a claim brought by Plaintiff Liberty Mutual Insurance, who paid out $59,540.44 in worker's compensation benefits on behalf of Nathan Mihalcik's employer, Schneider National. While Nathan Mihalcik is named by Plaintiff in the caption, Mihalcik never instituted a claim against Defendant SAC, Inc. himself, nor was Mihalcik joined as a party to this suit. Plaintiff's *Complaint* alleges that SAC, Inc., was negligent in causing Nathan Mihalcik's fall at their convenience store and, by way of subrogation, liable for the compensation benefits paid by Plaintiff.

1

For the reasons set forth below, we grant Defendant's *Renewed Motion for Reconsideration of Motion for Summary Judgment* and dismiss Plaintiff's *Complaint* with prejudice.

## II. DISCUSSION

Plaintiff argues that the Pennsylvania Supreme Court's opinion in *Frazier v. W.C.A.B. (Bayada Nurses, Inc.)*, stands for the proposition that Plaintiff may proceed in their claim without Mihalcik, the original injured party/employee. *Frazier*, 52 A.3d 241 (Pa. 2012). Plaintiff primarily points to the portion of the *Frazier* opinion that states, "... the employer/compensation insurer *may step into the shoes of the claimant* to recover directly against a third party tortfeasor..." *Id.* at 248 (emphasis added). While we believe that *Frazier* is certainly instructive, we find that this statement is, at most, dicta.[1] Moreover, the standard of "stepping into the shoes" of the injured employee—assuming it was intended to be a legal standard—is indefinite and unclear. Even if we were to accept Plaintiff's interpretation of this indefinite dicta in *Frazier*, it would be in direct contradiction to the clear holdings in a line of several cases.

In *Scalise v. F.M. Venzie & Co.*, the Pennsylvania Supreme Court held that:

> "The right of action remains in the injured employee; *suit is to be brought in his name*; the employer may appear as an additional party plaintiff...or, as useplaintiff...[or]...may intervene for the purpose of protection..."

---

[1] The true holding in *Frazier* was not whether the insurer may proceed in a claim without the injured employee, but whether subrogation was barred by sovereign immunity.

2

*Scalise,* 152 A. 90, 92 (Pa. 1930) (emphasis added; citations omitted). Shortly after *Scalise,* the Pennsylvania Superior Court reiterated that "[t]he employer's right of subrogation must be worked out through an action brought in the name of the injured employee, either by joining the employer as a party plaintiff...or as a use plaintiff." *Moltz, to Use of Royal Indemnity Co. v. Sherwood Bros. Inc.,* 176 A. 842, 843 (Pa.Super. 1935). See also *Reliance Insurance Co. v. Richmond Machine Co.,* 455 A.2d 686 (Pa.Super. 1983) and *Whirley Industries Inc. v. Segel,* 462 A.2d 800, 802 (Pa.Super. 1983) (stating that "[t]he action against the third party tortfeasor must be brought by the injured employee."). And, just recently, in a case that is nearly identical in facts to the present case, the Superior Court again held that "...section 319 [of the Pennsylvania Worker's Compensation Act] does not provide employers with the ability to bring suit *directly* against a third party." *Liberty Mut. Ins. Co. v. Domtar Paper Co.,* 77 A.3d 1282 (Pa.Super. 2013) (emphasis in original).

In the present case, Plaintiff has proceeded under a caption "on behalf of Nathan Mihalcik," the injured employee. We believe that such action is insignificant to the issue at hand and, as the trial court held in *Domtar,* "...merely identifies its status as a subrogee...and does not make [the employee] a party plaintiff." *Liberty Mut. Ins. Co. v. Domtar Paper Co.,* 2012 WL 9500572 (Pa.Com.Pl. 2012). Here, the the injured employee has never brought suit, nor has Plaintiff ever joined the employee as a party or obtained assignment of the employee's claim. We believe that such circumstances fall short of the

3

requirements to establish Plaintiff's standing to assert a claim. In short, we find that the indefinite dicta from *Frazier* is insufficient to overcome a long precedent of clear holdings from *Scalise* through *Domtar*.

## III. ORDER OF COURT

AND NOW, this 14th day of February, 2014, the Order of Court is as follows:

1. Defendant's *Renewed Motion for Reconsideration of Motion for Summary Judgment* is granted. Plaintiff's *Complaint* is dismissed with prejudice.

2. Inasmuch as we have dismissed Plaintiff's *Complaint* with prejudice, the remaining motions are dismissed as moot.

BY THE COURT

LIVENGOOD, J.

Counsel:
For the Plaintiff: Kevin Connors, Esquire
For the Defendant: Pamela Collis, Esquire