[J-4-2018] [MO: Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| THE HARTFORD INSURANCE GROUP ON BEHALF OF CHUNLI CHEN, | : No. 24 EAP 2017 |
| | : |
| | : Appeal from the Judgment of the |
| Appellee | : Superior Court entered on February |
| | : 10, 2017 at No. 976 EDA 2016 |
| | : (reargument denied April 18, 2017) |
| v. | : vacating and remanding the Order of |
| | : the Court of Common Pleas of |
| | : Philadelphia County, Civil Division, |
| KAFUMBA KAMARA, THRIFTY CAR | : dated February 25, 2016 at No. 1534 |
| RENTAL AND RENTAL CAR FINANCE | : September Term 2015. |
| GROUP, | : |
| | : ARGUED: March 6, 2018 |
| Appellants | : |

## DISSENTING OPINION

**JUSTICE TODD**                                      **DECIDED: November 21, 2018**

I join Chief Justice Saylor's Dissenting Opinion in full. I write separately to emphasize my concern over the deleterious practical consequences of the majority opinion – namely, that it leaves an insurer which has paid an injured employee's workers' compensation claim arising out of the tortious actions of a third party without a means to enforce its statutory right to subrogation against the third party in situations such as this one, where the injured employee elects, for whatever reason, not to pursue a tort action against the third party. This, in turn, will unavoidably, and unnecessarily, lead to higher workers' compensation insurance rates.

As Chief Justice Saylor notes in his Dissenting Opinion, *see* Dissenting Opinion (Saylor, C.J.) at 3, the right of the employer to subrogation of monies it has paid on account of injuries inflicted to its employee by a third-party tortfeasor is explicitly conferred

by statute.  See 77 P.S. § 671 ("Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe.").  Almost 90 years ago, our Court recognized that an employer faced with this type of situation may enforce its statutory right to subrogation via "use-plaintiff" practice.  *See Scalise v. F.M. Venzie & Co.*, 152 A. 90, 92 (Pa. 1930) ("The right of action remains in the injured employee; suit is to be brought in his name; the employer may appear . . . as use[ ]plaintiff, as in *Mayhugh v. Somerset Telephone Company*, [109 A. 213 (Pa. 1920)] . . . .  The employer, moreover, is not to be denied his right of suit because the employee does not sue, but may institute the action in the latter's name.").

Although the majority dismisses these pronouncements as mere *dicta*, *see* Majority Opinion at 16, in my view, they were a valid statement of the governing legal principles in this area, which retain their vitality.  Indeed, in *Mayhugh*, the case explicitly cited by *Scalise* as an example of how use-plaintiff practice may be employed in the workers' compensation subrogation context, the Commonwealth's Workers' Compensation Insurance Fund recovered the sums it had paid to an employee of an electrical company injured by contact with the defendant's dangling and electrically-charged telephone wire by bringing suit in the name of the injured employee, just as the insurer did in the case at bar.  *See Mayhugh*, *supra*.

For the ensuing nine decades since *Scalise* was decided, it has not been overruled, nor has the validity of use-plaintiff practice in circumstances such as those presented by the instant matter been questioned by our Court.  In fact, our Rules of Civil Procedure permit a subrogee to sue in the name of its insured for its use so that it may enforce its subrogation interest.  *See* Pa.R.C.P. 2002(a) & (d) (providing that civil actions must be prosecuted in the name of the real party in interest except where a subrogee is the real party in interest); *Goodrich-Amram*, 2d., § 2002(d):1 at 17 (this rule permits an

insurer which has paid its insured's claim to pursue the insured's claim against the tortfeasor "in the name of the insured to the use of the insurer"). I would continue to follow these well established precepts, as, in my view, the majority offers no compelling reason to cast them aside. Indeed, in our most recent decision in this area, *Liberty Mutual Ins. Co. v. Domtar Paper Co.*, 113 A.3d 1230 (Pa. 2015), we seemingly confirmed that use-plaintiff practice remains a viable option in scenarios such as those presented in this case: "[W]e reaffirm that the right of action against a third-party tortfeasor under Section 319 of the WCA remains in the injured employee, and that the employer/insurer's right of subrogation under Section 319 must be achieved through a single action brought *in the name of the injured employee* or joined by the injured employee." *Id.* at 1240 (emphasis added).

Under use-plaintiff practice, "the subrogee brings the action for the 'use' or benefit of the party actually possessing the cause of action but who, for whatever reason, is not asserting the cause of action of its own volition." 7 West's Pennsylvania Practice, Workers' Compensation § 12:13 (3d. ed.). Critically, in such circumstances, the subrogee is not asserting its own independent cause of action; rather, the subrogee is asserting the cause of action possessed by the injured worker. *Id*; *see also Grubnau v. Centennial National Bank*, 124 A. 142, 143 (Pa. 1924) ("The right [of the use plaintiff] to maintain this action does not depend upon the interest which the use plaintiff may have in the result. It depends solely upon whether the legal plaintiff has a cause of action against the defendant." (internal quotation marks omitted)); *Lloyd Moore, Inc. v. Schwartz*, 26 F.Supp. 188, 189 (E.D. Pa. 1938) ("The use plaintiff has no further or greater rights than those of the legal plaintiff and derives all the rights it has from the legal plaintiff.").[1]

---

[1] I agree with the majority that our pronouncement in *Frazier v. W.C.A.B. (Bayada Nurses, Inc.)*, 52 A.3d 241, 248 (Pa. 2012), explaining that "the employer/compensation insurer may step into the shoes of the claimant to recover directly against a third party

Consequently, if an employer brings an action against a third-party tortfeasor in the name of the injured employee for its own use, the employee's right to maintain the cause of action has not been seized by the employer as the majority characterizes it, *see* Majority Opinion at 14, but, instead, it remains vested with the injured employee. Indeed, in such situations, the injured employee retains the unqualified right to join in such an action commenced by an employer and to seek to recover all damages which were not covered by the employer's payments under the Workers' Compensation Act, as the employer's recovery is limited to the amount for which it compensated the injured employee. *See generally Associated Hospital Service of Philadelphia v. Pustilnik*, 439 A.2d 1149, 1151 (Pa. 1981) ("[T]he right of subrogation exists only to the extent of actual payment of the subrogee.").

While I agree with the majority that the purpose of the Workers' Compensation Act is remedial, and, as such, it "should be interpreted for the benefit of the worker and liberally construed to effectuate its humanitarian interests," Majority Opinion at 19, and while I endorse the majority's view that, consistent with these principles, our Court should eschew an interpretation of the Workers' Compensation Act which jeopardizes the injured worker's right to pursue an independent cause of action against a third-party tortfeasor, it is possible to safeguard an injured worker's right to pursue his or her own action, while at the same time ensuring that a workers' compensation insurer is not forced to absorb costs occasioned by the tortious actions of a third party – inexorably leading to higher insurance rates – by denying its statutory right to recoupment of those costs through subrogation.

---

tortfeasor," did not create a direct right of action by the employer against the tortfeasor. Majority Opinion at 16 n.11. Nonetheless, *Frazier* supports the utilization of use-plaintiff practice to enforce subrogation rights because, when a workers' compensation insurer brings a suit in the name of the injured employee for its use, it is "stepping into the shoes of the claimant" and asserting the claimant's cause of action.

As both Chief Justice Saylor and I highlighted in our dissents in *Domtar Paper*, the injured employee's right to maintain an independent suit for non-economic damages such as pain and suffering may be protected through the adoption of adequate procedural safeguards which apprise the employee of the fact that an action has been commenced by the employer and, correspondingly, may give the injured employee the opportunity to participate in and direct the conduct of the suit so that he or she may fully recoup damages for any uncompensated injuries. *See Domtar Paper*, 113 A.3d at 1242 (Saylor, C.J., dissenting); *id.* at 1243-44 (Todd, J., dissenting). Imposing such procedural safeguards is well within the scope of our constitutional rule-making powers. *See Commonwealth v. McMullen*, 961 A.2d 842, 847 (Pa. 2008) (under Article V, Section 10(c) of the Pennsylvania Constitution, "[t]his Court retains exclusive rule-making authority to establish rules of procedure"). In my view, exercising our constitutional authority to provide such safeguards in order to enable a subrogee to employ use-plaintiff practice in these situations is a preferable course of action than negating the exercise of a statutorily-established right, which is what I consider to be the ultimate effect of the majority opinion.

For these reasons, I respectfully dissent.