[J-4-2018][M.O. - Baer, J.]

## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| THE HARTFORD INSURANCE GROUP ON BEHALF OF CHUNLI CHEN, | : | No. 24 EAP 2017 |
| | : | |
| | : | Appeal from the Judgment of Superior |
| | : | Court entered on 2/10/17 at No. 976 |
| Appellee | : | EDA 2016 (reargument denied 4/18/17) |
| | : | vacating and remanding the order dated |
| | : | 2/25/16 in the Court of Common Pleas, |
| | : | Philadelphia County, Civil Division, at |
| v. | : | No. 1534 September Term 2015 |
| | : | |
| KAFUMBA KAMARA, THRIFTY CAR RENTAL AND RENTAL CAR FINANCE GROUP, | : | |
| | : | |
| | : | |
| | : | |
| Appellants | : | ARGUED: March 6, 2018 |

### *DISSENTING OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED: November 21, 2018**

For the reasons expressed in my dissenting opinion in *Liberty Mutual Insurance Co. v. Domtar Paper Co.*, 631 Pa. 463, 113 A.3d 1230 (2015), I would reaffirm this Court's understanding of the concept of subrogation, as articulated in previous decisions. *See, e.g.*, *Frazier v. WCAB (Bayada Nurses, Inc.)*, 616 Pa. 592, 603, 52 A.3d 241, 248 (2012) ("In subrogation, the insurer stands in the shoes of the insured in attempting to recover what is rightfully owed to it from a third-party tortfeasor.") (internal quotations omitted); *Scalise v. F.M. Venzie & Co.*, 301 Pa. 315, 320, 152 A. 90, 92 (1930) (observing, in a workers' compensation setting, that an employer may bring an

action in the employee's name to enforce a right of subrogation, if the employee opts not to sue).[1]

By contrast, the majority now holds that the common law understanding of subrogation no longer pertains, since the right of subrogation is now "afforded expressly by statute in Section 319 of the WCA." Majority Opinion, *slip op.* at 12. The Legislature, however, has not supplied a definition of subrogation that is any different from the common law conception or otherwise suggested a departure from the common law model. Moreover, "statutes are not presumed to make changes in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions." *Commonwealth v. Miller,* 469 Pa. 24, 27-28, 364 A.2d 886, 887 (1976).

Certainly, there are difficulties associated with the enforcement by insurers of their subrogation rights, *see* Majority Opinion, *slip op.* at 19-20, but as Justice Todd and I have previously suggested, these could be addressed through procedural mechanisms to protect employee interests. *See Domtar Paper*, 631 Pa. at 482-83, 113 A.3d at 1242 (Saylor, J., dissenting); *id.* at 485-86, 113 A.2d at 1243-44 (Todd, J., dissenting). In response to any suggestion that such procedural innovations should have been supplied by the Legislature, *see, e.g.*, Majority Opinion, *slip op.* at 20 (positing that "it is not for this Court to create a remedy to cure a possible deficiency in the WCA"), I note that this Court has maintained that its own power to fashion procedural rules pertaining

---

[1] *Accord United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381, 70 S. Ct. 207, 215-16 (1949) (discussing the "common law practice" for the enforcement of subrogation rights through the commencement of an action at law in the name of the insured to the insurer's use). *See generally* BLACK'S LAW DICTIONARY 1654 (10th ed. 2014) (defining "subrogation" as "[t]he principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy").

to the court system is an exclusive one. *See, e.g., Commonwealth v. McMullen,* 599 Pa. 435, 444, 961 A.2d 842, 847 (2008).[2]

In summary, I would enforce the explicit language of the Workers' Compensation Act and thus permit subrogee-insurers to enforce their statutorily-conferred rights via the use-plaintiff convention. *See* 77 P.S. §671 ("Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe."). Based on the above, and for the additional reasons ably expressed in the Superior Court's treatment, *see Hartford Ins. Group ex rel. Chen v. Kamara*, 155 A.3d 1108 (Pa. Super. 2017), I respectfully dissent.

Justice Todd joins this dissenting opinion.

---

[2] For my own part, I have advocated a more circumspect approach to the fashioning of appropriate procedures. *See id.* at 458, 961 A.2d at 855-56 (Saylor, J., concurring and dissenting) ("[B]oth in gray areas between substance and procedure, and in matters that have not yet been occupied by this Court via its own procedural rules, I would allow some latitude to the Legislature to make rules touching on procedure, so long as such rules are reasonable and do not unduly impinge on this Court's constitutionally prescribed powers and prerogatives." (citation omitted)).